SOUTHWESTERN PORTLAND CEMENT COMPANY, APPELLANT, *v.* LIMBACH, TAX COMMR., APPELLEE.

[Cite as Southwestern Portland Cement Co. *v.* Limbach (1991), 57 Ohio St. 3d 22.]

(No. 90-245—Submitted October 25, 1990—Decided January 9, 1991.)

* * *

*Frost & Jacobs, Dennis J. Barron* and *Larry H. McMillin,* for appellant.

*Anthony J. Celebrezze, Jr.,* attorney general, and *Richard C. Farrin,* for appellee.

*Per Curiam.* The only issue for the BTA's determination was whether the Tax Commissioner was correct in reducing the mandatory statutory penalty from fifteen percent to ten percent.

There is no dispute over the scope of the review by the BTA, nor that it is appellant's burden to show an abuse of the Tax Commissioner's discretion. It is clear that the abuse must be shown to be unreasonable, arbitrary and unconscionable. *Jennings & Churella Constr. Co.* v. *Lindley* (1984), 10 Ohio St. 3d 67, 70, 10 OBR 357, 359, 461 N.E. 2d 897, 900.

We remanded the earlier decision to the BTA because of its failure to discuss the evidence presented by the taxpayer or the application of the Tax Commissioner's compliance standards. In other words, no reasons were given for the BTA's decision. Did the BTA on remand disclose the reasons for its decision?

The language employed by the BTA specified that it had reviewed all the evidence before it, had considered the arguments of counsel, and had read all the authorities cited. While we might have wished for more specificity from the BTA, the language nevertheless does advise us of the foundation of the finding.

In its order, upon reconsideration, the BTA discussed in detail the evidence before it. The BTA found that appellant's evidence purportedly showed a compliance level that would warrant a one-hundred-percent remission of penalty. It accepted the commissioner's argument that the critical issue was not a comparison between the tax assessed and total purchases, but, rather, a comparison between the tax assessed and the total *taxable* purchases. Finally, the BTA identified the taxpayer's chief argument and noted that it was directed to the compliance standards. Presumably, the BTA rejected this argument, since it related to only one of the several factors considered by the Tax Commissioner. The BTA thus concluded that the commissioner was correct in modifying the penalty to ten percent based upon those other unidentified factors, and specifically found that appellant failed to show that the commissioner abused her discretion.

The decision of the BTA is neither unreasonable nor unlawful and it is hereby affirmed.

*Decision affirmed.*

MOYER, C.J., SWEENEY, HOLMES, WRIGHT and H. BROWN, JJ., concur.

DOUGLAS, J., concurs in judgment only.

RESNICK, J., dissents.