OPINION
{¶ 1} Appellant, Darren Homer, appeals his convictions in the Warren County Court of Common Pleas on two counts of rape. We affirm the convictions.
 {¶ 2} Appellant's sister, D.M., a seventh-grader, kept a journal in which she wrote that appellant had molested her. The assaults ranged from incidents of inappropriate touching, to forcing D.M. to engage in fellatio, and ultimately vaginal intercourse. D.M.'s mother discovered the journal and read the entry which documented the abuse. Instead of informing police, she took steps to keep the two separated. D.M. was unsatisfied with her mother's response and reported the assaults to her school guidance counselor. The counselor notified children's services who in turn notified the police.
 {¶ 3} Appellant was interviewed by a Mason police officer. The interview was videotaped. During the interview appellant admitted that his sister had performed fellatio on him but denied that he had had vaginal intercourse with her. He was then asked to undergo questioning while monitored by a computerized voice stress analyzer ("CVSA").[1] The questioning detective and appellant together formulated a series of questions. As they discussed the questions, they also talked about appellant's sexual contact with D.M. Appellant submitted to the CVSA. The detective informed appellant that he had failed the CVSA, although he did not discuss the results in detail with appellant. During the course of the interview appellant's prior DUI conviction was also mentioned.
 {¶ 4} Appellant was indicted on two counts of rape in violation of R.C. 2907.02(A)(2). The matter proceeded to a jury trial. At trial, appellant's counsel requested that the videotaped interview, including references to the CVSA and the DUI conviction, be played in its entirety. Appellant was found guilty on both counts and sentenced accordingly. He appeals, raising two assignments of error.
 {¶ 5} In his first assignment of error, appellant argues that admission of the evidence related to the CVSA was improper.
 {¶ 6} The admission or exclusion of evidence is a matter committed to the sound discretion of the trial court. See Statev. Allen, 73 Ohio St.3d 626, 633, 1995-Ohio-283. A reviewing court will not reverse the trial court's decision to admit or exclude relevant evidence "absent a clear abuse of that discretion." Id. An abuse of discretion is more than an error of law or judgment, but rather "`implies that the court's attitude is unreasonable, arbitrary or unconscionable.'" State v.Hancock, 108 Ohio St.3d 57, 2006-Ohio-160, ¶ 130, quoting Statev. Adams (1980), 62 Ohio St.3d 151, 157. A reviewing court may not merely substitute its judgment for that of the trial court when reviewing a trial court's decision utilizing the abuse of discretion standard. In re Jane Doe 1 (1991),57 Ohio St.3d 135, 137-138.
 {¶ 7} While the case law on point is sparse, both Ohio and federal courts have analogized the admissibility of a CVSA exam with the admissibility of polygraph test results. See Traficant
(granting motion in limine to exclude results of CVSA because, like polygraph test, the reliability of the test's results are not generally accepted); State v. Jaynes (Jan. 29, 1993), Auglaize App. No. 2-92-3 (following requirements for admission of polygraph test set forth in State v. Souel [1978],53 Ohio St.2d 123, held that results of CVSA were properly excluded from evidence where both parties did not stipulate to admissibility); see, e.g., State v. Cunningham, Allen App. No. 1-04-19,2004-Ohio-5892. And Ohio appellate courts have cited CVSA evidence without issue, although not raised on appeal as an alleged error. See In re Howard (1997), 119 Ohio App.3d 33.
 {¶ 8} In Souel, the Ohio Supreme Court held that, "[d]espite the ongoing controversy concerning the degree of accuracy of the polygraph device, it is our opinion that observance of [certain] qualifications establishes a proper foundation for the admission of polygraph test results, and that these results have probative value in the determination of whether the examinee has been deceptive during interrogation."Souel at 133. In its syllabus, the court very clearly set forth the requirements for admissibility of polygraph test results, and required, as a threshold matter that "[t]he prosecuting attorney, defendant and his counsel must sign a written stipulation providing for defendant's submission to the test and for the subsequent admission at trial of the graphs and the examiner's opinion thereon on behalf of either defendant or the state."
 {¶ 9} Applying the Souel requirements to the CVSA evidence in the present case, it is clear that the trial court should have excluded the evidence because there was no written stipulation to its admissibility. However, appellant failed to preserve this issue for appellate review by not raising an objection. Appellate courts generally will not consider errors which counsel could have called, but did not call, to the trial court's attention when such error could have been avoided or corrected by the court. State v. Joseph, 73 Ohio St.3d 450, 455, 1995-Ohio-288. Even so, where an appellant has failed to preserve an issue for review, a reviewing court has authority under Crim.R. 52(B), to recognize "plain errors or defects involving substantial rights."State v. Campbell, 69 Ohio St.3d 38, 41, 1994-Ohio-801.
 {¶ 10} However, in the present matter, appellant not only failed to object, but in fact requested the trial court to submit the evidence to the jury. Plain error does not exist where the error complained of is invited. See State v. Totarella, Lake App. No. 2002-L-147, 2004-Ohio-1175, ¶ 38; State v. Doss,
Cuyahoga App. No. 84433, 2005-Ohio-775, ¶ 5; see also, e.g.,State v. McKnight, 107 Ohio St.3d 101, 2005-Ohio-6046, ¶226-227. "Under the invited-error doctrine, a party will not be permitted to take advantage of an error which he himself invited or induced the trial court to make." State ex rel. Bitter v.Missig, 72 Ohio St.3d 249, 254, 1995-Ohio-147, citing State exrel. Fowler v. Smith, 68 Ohio St.3d 357, 359, 1994-Ohio-302;Lester v. Leuck (1943), 142 Ohio St. 91, paragraph one of the syllabus. Appellant requested that the trial court play the video in its entirety when the state sought to elicit testimony related to the interview. In such an instance, where a defendant introduces evidence of a polygraph exam (and by analogy, a CVSA exam) and lodges no objection, the defense has invited the error and cannot "later complain about its prejudicial effect on appeal." State v. Spirko (1991), 59 Ohio St.3d 1, 18; see, also, State v. Abercrombie, Clermont App. No. CA2001-06-057, 2002-Ohio-2414 (defendant cannot assign as error the acceptance of stipulation by the trial court after he has invited the claimed error).
 {¶ 11} We further note that, before playing the video, the trial court instructed the jury that "[t]he results of the CVSA test are not admissible as evidence in this case and should not be considered by you in your deliberations." The court again instructed the jury before deliberations that it was not to consider any evidence which it had been instructed to disregard. A jury is presumed to have followed the court's instructions, including instructions to disregard evidence. State v. Loza,71 Ohio St.3d 61, 75, 1994-Ohio-409; State v. Zuern (1987),32 Ohio St.3d 56, 62. Appellant's first assignment of error is overruled.
 {¶ 12} In his second assignment of error, appellant alleges that his trial counsel was ineffective for failing to object to the references in the videotape to the CVSA, its results, and his prior DUI conviction.
 {¶ 13} To establish ineffective assistance of counsel, a defendant must show "(1) deficient performance by counsel, i.e., performance falling below an objective standard of reasonable representation, and (2) resulting prejudice, i.e., a reasonable probability that, but for counsel's errors, the proceeding's result would have been different." State v. Sapp,105 Ohio St.3d 104, 2004-Ohio-7008, ¶ 76, citing Strickland v.Washington (1984), 466 U.S. 668, 687-688, 694, 104 S.Ct. 2052.
 {¶ 14} Appellant's trial counsel adopted a strategy of demonstrating that appellant, in an effort to avoid conflict and stress, would confess to things he had not done. Counsel called a series of witnesses who testified to this effect. Admitting the videotape and CVSA evidence which confirms his stress level during the interview, is consistent with this tactic. While the wisdom of this tactic may be debatable, trial tactics and strategies, even "debatable trial tactics," do not constitute a denial of effective assistance of counsel. State v. Leonard,104 Ohio St.3d 54, 2004-Ohio-6235, ¶ 146; State v. Phillips,74 Ohio St.3d 72, 1995-Ohio-171; State v. Clayton (1980),62 Ohio St.2d 45, 49. Further, any prejudice which appellant could have suffered by the references to the CVSA was mitigated by the trial court's instruction that the jury was not to consider the results of the CVSA as evidence. Juries are presumed to follow the trial court's instruction, and appellant has consequently failed to demonstrate prejudice. See State v. LaMar, 95 Ohio St.3d 181,2002-Ohio-2128, ¶ 92.
 {¶ 15} Appellant further argues that counsel was ineffective for failing to object to a reference in the video to his prior DUI conviction. In reviewing this contention, we must indulge in the strong presumption that counsel was following a sound trial strategy when he failed to object to the evidence. Failure to make objections does not automatically constitute ineffective assistance of counsel, as that failure may be justified as a tactical decision. State v. Conway, 108 Ohio St.3d 214,2006-Ohio-791, ¶ 168; State v. Gumm, 73 Ohio St.3d 413, 428, 1995-Ohio-24. Here, trial counsel may have believed that an objection to the evidence or a request for a limiting instruction would have unduly focused the jury's attention on this information. Even assuming arguendo that counsel was ineffective, the record does not support appellant's assertion that, but for counsel's actions, there is a reasonable probability that the outcome of the proceeding would have been different. Consequently, appellant's ineffective assistance claim also fails on the second prong of the Strickland test. Appellant's second assignment of error is overruled.
 {¶ 16} Judgment affirmed.
Young and Bressler, JJ., concur.
[1] CVSA "is a method of lie detection. Voice stress analyzers and psychological stress evaluators (PSE) detect and measure subaudible microtremors in a person's voice. The amount of stress imposed on the speaker is alleged to affect the microtremors in his voice. The stress is allegedly produced by the speaker's deception. The first psychological stress evaluator was marketed in 1971." U.S. v. Traficant (N.D.Ohio. 1983), 556 F.Supp. 1046, citing Horvath, Detecting Deception: The Promise and the Realityof Voice Stress Analysis, 27 J. Forensic Sci. 340 (1982).