OPINION
{¶ 1} Defendant-appellant, Scott Leide, appeals his conviction from the Butler County Court of Common Pleas for having weapons while under disability.
 {¶ 2} Appellant, who had a previous drug conviction, was charged with having weapons while under disability after Middletown hospital personnel removed his clothing to provide treatment, discovered a handgun in appellant's pants, and turned it over to law enforcement authorities.
 {¶ 3} Appellant was tried and found guilty by a jury, and the trial court sentenced him to prison. Appellant presents three assignments of error on appeal.
 {¶ 4} Assignment of Error No. 1:
 {¶ 5} "THE TRIAL COURT ERRED TO THE PREJUDICE OF APPELLANT BY ADMITTING HEARSAY EVIDENCE THAT APPELLANT HAD TAKEN LSD, MARIJUANA AND ALCOHOL [.]"
 {¶ 6} To address the two issues raised under this assignment of error, we will outline the pertinent evidence presented at trial. A Middletown city police officer responded to an apartment to assist life squad personnel called on the report of an overdose. Upon arrival, police encountered three individuals in the apartment. One woman and a man ("the man") were conscious, and appellant was unconscious, sitting on the floor upright against a couch.
 {¶ 7} The officer testified that the man in the apartment was agitated, often speaking quickly, and loudly, repeatedly imploring paramedics to "do something, his buddy [appellant] was going to die." The officer testified that the distraught man would walk away from and then approach appellant and hug him while paramedics were attempting to administer assistance.
 {¶ 8} The police officer testified that when the man was asking that assistance be rendered to appellant, the officer heard the man tell paramedics that "they had been doing LSD, marijuana, and drinking."
 {¶ 9} Appellant was transported to the hospital still unconscious, where a nurse removed appellant's clothing to facilitate medical treatment. The nurse testified that when she removed appellant's pants, a small handgun fell to the floor. The nurse indicated that she picked up the gun and handed it to a security officer standing outside the area. The security officer testified that she disarmed the loaded gun in a secure area of the hospital.
 {¶ 10} The security officer testified that she returned to appellant's room and located a small gun holster in appellant's pants. The security officer contacted Middletown police and turned the gun over to the police officer who had initially responded to the incident.
 {¶ 11} Appellant first argues that the trial court erred in ruling that the statement made by the agitated man in the apartment was admissible in court as an excited utterance because the man had not witnessed a startling event and he was impaired by alcohol and drugs.
 {¶ 12} As indicated by appellant's assignment of error, the trial court admitted the statement of the man regarding drug and alcohol use as an excited utterance. The man did not testify at trial. Evid.R. 803(2) permits the admission of an "excited utterance," a hearsay exception "relating to a startling event or condition made while the declarant was under the stress of excitement caused by the event or condition."[1]
 {¶ 13} In State v. Taylor (1993), 66 Ohio St.3d 295, the Ohio Supreme Court discussed a four-part test to determine the admissibility of an excited utterance, as follows: (a) that there was some occurrence startling enough to produce a nervous excitement in the declarant, which was sufficient to still his reflective faculties and thereby make his statements and declarations the unreflective and sincere expression of his actual impressions and beliefs, and thus render his statement or declaration spontaneous and unreflective, (b) that the statement or declaration, even if not strictly contemporaneous with its exciting cause, was made before there had been time for such nervous excitement to lose a domination over his reflective faculties, so that such domination continued to remain sufficient to make his statements and declarations the unreflective and sincere expression of his actual impressions and beliefs, (c) that the statement or declaration related to such startling occurrence or the circumstances of such startling occurrence, and (d) that the declarant had an opportunity to observe personally the matters asserted in his statement or declaration." Taylor
at 300-301.
 {¶ 14} The admission or exclusion of evidence, including the determination of whether a hearsay declaration should be admitted as an excited utterance, lies in the trial court's discretion.State v. Ducey, Franklin App. No. 03AP-944, 2004-Ohio-3833, ¶ 18; State v. Goodson (May 10, 1999), Preble App. No. CA98-07-008, CA98-08-013. "Abuse of discretion" implies that the court's attitude is unreasonable, arbitrary or unconscionable; abuse of discretion means a discretion exercised to an end or purpose not justified by, and clearly against reason and evidence. State v. Hancock, 108 Ohio St.3d 57, 2006-Ohio-160, ¶130 (citation omitted). The term has been defined as a view or action "that no conscientious judge, acting intelligently, could honestly have taken." Id., citing Wilms v. Blake (1945),144 Ohio St. 614, 624.
 {¶ 15} We disagree with appellant's arguments on the excited utterance exception. We have reviewed the testimony describing the man's agitated demeanor over appellant's unconscious condition and perceived impending death and find that the trial court did not abuse its discretion in admitting the statement about drug and alcohol usage as an excited utterance. Clearly, the man was able to personally observe the startling event of his friend's unconsciousness, recognized the emergency nature of appellant's condition, and informed emergency personnel of the source of appellant's unconscious state presumably to assist in appellant's proper and timely treatment.
 {¶ 16} The trial court did not abuse its discretion in finding that the man's statement was an unreflective, sincere expression of the man's impressions and beliefs prompted by a startling event, and not negated by the man's use of chemical substances. See State v. Huertas (1990), 57 Ohio St.3d 22, 31
(declarant was still agitated and had not calmed down from startling event; inability to fully reflect makes it likely that the statements are trustworthy).
 {¶ 17} Appellant next argues that the admission of the same statement of drug and alcohol usage violated the principles set forth in Crawford v. Washington, (2004), 541 U.S. 36,124 S.Ct. 1354.
 {¶ 18} In Crawford, the U.S. Supreme Court found that the Confrontation Clause of the Sixth Amendment bars the admission of testimonial statements unless the declarant is unavailable and the accused has had a prior opportunity to cross-examine the declarant. Crawford at 68. The Supreme Court indicated that the term "testimonial" applies, at a minimum, to prior testimony at a preliminary hearing, before a grand jury, or at a former trial, and responses to police interrogations. Crawford at 68; Statev. Primo, Butler App. No. CA2004-09-237, 2005-Ohio-3903.
 {¶ 19} The holding in Crawford does not preclude the use of excited utterances; rather, it limits the use of testimonial
statements [emphasis added] of a witness who does not appear at trial. State v. Florence, Montgomery App. No. 20439,2005-Ohio-4508, ¶ 38; see, also, Akron v. Hutton, Summit App. No. 22425, 2005-Ohio-3300, ¶ 16-17; see, also, State v. Siler,164 Ohio App.3d 680, 2005-Ohio-6591 (child's statements in response to police officer's questions were deemed to be testimonial).
 {¶ 20} We reject appellant's argument that the man's statement regarding drug and alcohol use was testimonial in nature. The police officer testified that he responded to a scene to assist the life squad at a reported overdose. The officer indicated that he heard the man's remarks as directed to paramedics who were trying to ascertain appellant's condition. In fact, the police officer did not initiate an investigation or interrogation of any individual at the apartment, and filed a criminal charge pertaining to having a weapon only when hospital personnel summoned him back to the hospital after a gun was discovered.
 {¶ 21} We do not find that the trial court abused its discretion and violated the confrontation clause principles ofCrawford when it admitted the man's statement. Accordingly, appellant's first assignment of error is overruled.
 {¶ 22} Assignment of Error No. 2:
 {¶ 23} "THE EVIDENCE WAS INSUFFICIENT AS A MATTER OF LAW TO SUSTAIN APPELLANT'S CONVICTION FOR HAVING A WEAPON WHILE UNDER DISABILITY[.]"
 {¶ 24} Under this assignment of error, appellant specifically contests whether the state met its burden to prove the "knowingly" possessed element of the charge of having weapons under disability.
 {¶ 25} When reviewing a challenge to the sufficiency of the evidence to support a criminal conviction, the relevant question is whether, after viewing the evidence in the light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt. State v. Hancock, 2006-Ohio-160 at ¶ 34;State v. Blanton, Madison App. No. CA2005-04-016,2006-Ohio-1785, ¶ 6.
 {¶ 26} R.C. 2923.13, which addresses having a weapon while under disability, provides, as pertinent here, that: "(A) * * * no person shall knowingly acquire, have, carry, or use any firearm or dangerous ordnance, if * * * (3) the person is under indictment for or has been convicted of any offense involving the illegal possession, use, sale, administration, distribution, or trafficking in any drug of abuse * * *."[2]
 {¶ 27} "A person acts knowingly, regardless of his purpose, when he is aware that his conduct will probably cause a certain result or will probably be of a certain nature. A person has knowledge of circumstances when he is aware that such circumstances probably exist." R.C. 2901.22(B).
 {¶ 28} Possession is a voluntary act if the possessor knowingly procured or received the firearm. A person has possession if he knows that he has the object on or about his person or his property, or places it where it is accessible to his use or direction and he has the ability to direct or control its use. 4 Ohio Jury Instructions (2003) 64, Section 409.50.
 {¶ 29} In order to "have" a firearm within the meaning of R.C. 2923.13(A), a person must have actual or constructive possession of it. State v. Pitts (Nov. 6, 2000), Scioto App. No. 99 CA 2675. Possession of a firearm in violation of R.C.2923.13 may be inferred when the defendant has exercised dominion and control over the area where the firearm was found. Id.
 {¶ 30} A reading of the transcript indicates that the trial court and the parties were very cognizant of the implications of appellant's unconsciousness as it pertained to the element of "knowingly" possess.[3]
 {¶ 31} Construing the evidence most favorably for the state on this sufficiency challenge, a reasonable jury could have found sufficient circumstantial evidence to find beyond a reasonable doubt that appellant knowingly acquired, had, used, or carried the firearm. See State v. Mobus, Butler App. No. CA2005-01-004,2005-Ohio-6164, ¶ 51 (circumstantial evidence and direct evidence have the same probative value, and in some instances, certain facts can only be established by circumstantial evidence); see, also, State v. Holland, Montgomery App. No. 18556, 2001-Ohio-1697. Appellant's second assignment of error is overruled.
 {¶ 32} Assignment of Error No. 3:
 {¶ 33} "THE TRIAL COURT ERRED AS A MATTER OF LAW BY IMPROPERLY SENTENCING APPELLANT TO TWO YEARS IN PRISON[.]"
 {¶ 34} Appellant advances two arguments under this assignment of error, which we will address out of order.
 {¶ 35} Appellant argues that the findings made by the trial court to impose his prison sentence violated the principles ofBlakely v. Washington (2004), 542 U.S. 296, 124 S.Ct. 2531, andU.S. v. Booker (2005), 543 U.S. 220, 125 S.Ct. 738.
 {¶ 36} Based upon the Ohio Supreme Court's decision in Statev. Foster, 109 Ohio St.3d 1, 2006-Ohio-856, we find that the trial court imposed appellant's prison sentence by relying on sections of the Ohio Revised Code that have been deemed unconstitutional and severed. See Foster; R.C. 2929.14(B). Accordingly, appellant's prison sentence is reversed.
 {¶ 37} This cause is remanded to the trial court for resentencing, whereupon the trial court has the discretion to impose a prison sentence within the statutory range and is no longer required to make findings or give its reasons for imposing maximum or more than the minimum terms. See Foster, paragraph seven of syllabus; State v. Hooks, Butler App. Nos. CA2004-02-047, CA2004-02-050, CA2004-02-051, 2006-Ohio-1272.
 {¶ 38} Appellant also argues that the trial court erred by making the finding that appellant committed the offense while possessing a firearm because that same conduct is an element of the offense of having weapons under disability. See, e.g., Statev. Schlecht, Champaign App. No. 2003CA3, 2003-Ohio-5336. We do not find it improper, under the facts of this case, for a sentencing court to consider all the circumstances of the offense in determining the appropriate sentence, including the fact that appellant, who had a previous drug conviction, was using drugs and alcohol while in possession of a loaded handgun.
 {¶ 39} Appellant's third assignment of error is sustained insofar as appellant's prison sentence was based upon the sections of the revised code severed as unconstitutional. See R.C. 2929.14(B).
 {¶ 40} Judgment reversed as to sentencing only and remanded to the trial court.
Walsh, P.J., and Young, J., concur.
[1] "Hearsay" is a statement, other than one made by the declarant while testifying at trial or hearing, offered in evidence to prove the truth of the matter asserted. Evid.R. 801(C).
[2] Appellant does not contest the sufficiency of the evidence on the other elements of the offense and we find no issue pertaining to the other elements.
[3] The trial court and parties discussed at length the jury instructions to be given on this issue and the trial court gave the voluntary intoxication instruction of 4 Ohio Jury Instructions (2003) 71, Section 411.07., without objection by appellant.