OPINION
{¶ 1} Defendant-appellant, James L. Cox, Jr. appeals from his judgment of conviction and sentence in the Butler County Court of Common Pleas for one count of rape and two counts of gross sexual imposition. For the reasons outlined below, we affirm appellant's convictions but reverse the judgment of the trial court as to sentencing only, and remand this case for resentencing.
 {¶ 2} In January 2005, appellant was indicted on ten counts, six involving acts committed against his minor daughter A.C., and four involving acts committed against his minor nephew D.H. All six counts relating to appellant's daughter were charges of rape in violation of R.C. 2907.02(A)(1)(b), first-degree felonies. Two of the charges relating to appellant's nephew were for illegal use of a minor in nudity-oriented material in violation of R.C.2907.323(A)(1) and (3), a second-degree felony and a fifth-degree felony, respectively. The remaining two charges relating to appellant's nephew were for pandering sexually-oriented matter involving a minor in violation of R.C. 2907.32.2(A)(1) and (5), a second-degree felony and a fourth-degree felony, respectively.
 {¶ 3} Appellant entered pleas of not guilty and proceeded to a jury trial. The trial began on September 27, 2005. At the first day of trial, the state presented six witnesses. The first of those witnesses was appellant's daughter, A.C.A.C. testified that, from the time she was in second grade, her father repeatedly engaged in sexual acts with her. A.C. testified in detail about multiple occasions during which appellant had caused her to use KY Jelly and rub his penis until he had an orgasm, placed Hershey Kisses upon his penis and caused her to perform fellatio upon him, placed Hershey kisses upon her vagina and performed cunnilingus upon her, and caused her to touch herself with various sex toys. A.C. also testified that appellant put his fingers inside her anus and, on at least one occasion, attempted to engage in vaginal sexual intercourse with her, but, because it hurt, he did not continue. A.C. testified that in July 2004 she told her friend, J.H. about the sexual abuse. A.C. testified that J.H. then told her mother, Sandra, who called A.C.'s mother, who brought A.C. to the police station to report the abuse.
 {¶ 4} Following the testimony of the state's sixth witness, the trial was continued until September 29, 2005. The trial judge also informed the parties that he would be leaving town after 6:30 p.m. on the evening of September 29, 2005 and that if the jury was still deliberating after that time, another judge would step in to handle any issues during deliberations. In anticipation of discussions regarding lesser included offenses, a transcript of A.C.'s testimony was prepared and given to both the state and appellant's trial counsel prior to the second day of trial on September 29, 2005.
 {¶ 5} The trial resumed for its second day on September 29, 2005, with both the state and appellant's trial counsel presenting additional evidence and testimony. The case was turned over to the jury that morning and the jury began its deliberations at approximately 1:10 p.m. that day. The jury deliberated until approximately 6:20 p.m., at which point they were released for the evening. The trial judge again informed the parties and the jury that he was needed out of town and that another judge would be stepping in to handle the remaining deliberations and answer any questions. The trial judge further indicated that he would be available for questions by telephone if any should require his assistance.
 {¶ 6} The jury returned on September 30, 2005 and continued deliberations from approximately 9:00 a.m. until 1:30 p.m. At that time, the jury submitted a request. The judge then handling deliberations responded, and informed the parties that the jury was requesting to review A.C.'s testimony. Appellant's counsel objected to the request, arguing that the proper instruction would be to have the jury rely on their collective memory of the testimony. The judge overruled appellant's objection and granted the request. The judge then asked if there were any objections to sending the transcript into the jury room. Appellant's trial counsel noted that, aside from his general objection, he did not object to the transcript being sent to the jury room.
 {¶ 7} The jury then continued to deliberate until 4:45 p.m., at which time they returned with a verdict. The jury found appellant guilty of the lesser included offense of gross sexual imposition as to count three, guilty of rape as charged in count four, guilty of the lesser included offense of gross sexual imposition as to count six, and not guilty on the remaining charges. Appellant proceeded to sentencing on November 9, 2005. The trial court found appellant to be a sexual predator and sentenced appellant to five years imprisonment on count three, ten years imprisonment on count four, and five years imprisonment on count six. The court went on to find that appellant posed the greatest likelihood of committing future sexually-oriented offenses and that consecutive terms were necessary to protect the public. The judge ordered that the sentences run consecutively for an aggregate incarceration term of 20 years, the maximum penalty under the law. Appellant filed this appeal, raising three assignments of error for our review.
 {¶ 8} Assignment of Error No. 1:
 {¶ 9} "THE TRIAL COURT ERRED TO THE PREJUDICE OF DEFENDANT-APPELLANT WHEN IT PERMITTED THE JURY TO REVIEW A TRANSCRIPT OF THE VICTIM'S TESTIMONY."
 {¶ 10} Appellant argues that the trial court erred in allowing the jury to review the transcript of A.C.'s testimony during its deliberations. Appellant further contends that the trial court erred in failing to give the jury a limiting instruction regarding the use and weight of the transcribed testimony.
 {¶ 11} Initially we note that appellant has argued on appeal that the judge stepping in to handle deliberations was not qualified to make the decision to permit the jury to review A.C.'s testimony because he was unfamiliar with the facts and circumstances of the case. However, no objection was presented at trial when the parties were informed that another judge would be stepping in to handle the remaining deliberations. Therefore any such objection was waived and we need not consider such argument on appeal. We turn then to the actions of the judge in sending the transcript of A.C.'s testimony to the jury. A trial court has broad discretion in determining whether to permit a jury to re-hear all or part of a witness's testimony during deliberations. State v. Leonard, 104 Ohio St.3d 54,2004-Ohio-6235, ¶ 123 (finding trial court's decision to have portions of testimony of two witnesses re-read to deliberating jury within court's discretion), State v. Carter,72 Ohio St.3d 545, 1995-Ohio-104, (finding trial court's decision to refuse to provide transcript of expert testimony within court's discretion), State v. Berry (1971), 25 Ohio St.2d 255 (finding trial court's decision to read portions of transcribed testimony to deliberating jury within court's discretion). Therefore, a reviewing court will not reverse a trial court's decision absent an abuse of that discretion. Id. Further, an "abuse of discretion" "connotes more than just an error of law or judgment; it implies that the court's attitude is unreasonable, arbitrary, or unconscionable." State v. Hancock, 108 Ohio St.3d 57,2006-Ohio-160, ¶ 130, State v. Leide, Butler App. No. CA2005-08-363, 2006-Ohio-2716, ¶ 14. The term has been further defined as "a view or action that no conscientious judge, acting intelligently, could honestly have taken." Id.
 {¶ 12} A review of Ohio case law reveals that a trial court's decision to provide the jury with an actual transcript of the testimony of a witness has been accepted as properly within its discretion. In State v. Smoot (Nov. 17, 1989), Clark App. No. 2588, 1989 WL 138412, the Second District Court of Appeals upheld the trial court's decision to deliver the transcribed testimony of three trial witnesses to the jury during deliberations. The court held that "the trial court was within its discretion in deciding to accommodate the jury by providing it with transcripts of the testimony which bore upon the factual questions that the jury had earlier propounded to the court." Id. at *5.
 {¶ 13} The court came to a similar conclusion in State v.Malone (Jan. 2, 1992), Clark App. No. 2806, 1992 WL 217. InMalone, the deliberating jury requested the transcript of the testimony of the state's key witness. Id. at *2. Over objections, the trial court granted the jury's request. On appeal, the Second District Court of Appeals again held that the decision was properly within the court's discretion. Compare, State v. Boyd
(Oct. 31, 1997), Champaign App. No. 91 CA 1, State v.Strickland (Oct. 23, 1979), Greene App. No. 1085 (holding that preferred practice is to interpret a jury's request for a transcript as a request for a re-reading of the testimony, but finding that trial court's decision to deliver transcript to jury room was harmless).
 {¶ 14} We further find persuasive guidance from federal analysis of this issue. In U.S. v. Rodgers (C.A.6, 1997),109 F.3d 1138, the Sixth Circuit Court of Appeals reviewed a district court's decision to provide a deliberating jury with the transcript of a law enforcement officer's testimony. InRodgers, the court discussed what it recognized as "two inherent dangers" in allowing a jury to read a transcript of a witness's testimony during deliberations. Id. at 1143. The court stated that, "[f]irst, the jury may accord `undue emphasis' to the testimony;" and "second, the jury may apprehend the testimony `out of context.'" Id., citing U.S. v. Padin (C.A.6, 1986),787 F.2d 1071. The court also recognized more general concerns, including: "(1) any transcript provided to a jury should be accurate; (2) transcription of side bar conferences, and any other matters not meant for jury consumption, must be redacted; and (3) as a purely practical matter, a district court `should take into consideration the reasonableness of the jury's request and the difficulty of complying therewith.'" Id., citing U.S. v.Hernandez (C.A.9, 1994), 27 F.3d 1403; U.S. v. Almonte (C.A.1, 1979), 596 F.2d 261.
 {¶ 15} In reviewing the actions of the district court in the case before it, the Sixth Circuit found that the accuracy of the transcript was not disputed, the transcript was free of side bar conferences, and the district court was able to provide the transcript the morning after it was requested. Id. The court went on to find that the district court had eliminated the second identified "inherent danger" by providing the complete transcript of the witness's testimony, elicited under both direct and cross-examination. Id. Turning to the first identified "inherent danger," the court found that there was no evidence to support the appellant's contention that the jury had afforded the transcript "undue emphasis." Id. at 1144. The court explained that "[i]t is true that `after the jury has reported its inability to arrive at a verdict,' there is heightened concern that the jury will place inordinate emphasis on any testimony it then reviews." However, finding that no such situation occurred in the circumstances of the case before it, and noting that there was not an inordinate amount deliberation before or after the delivery of the transcript, the court held that the case did not present an "obvious intent to emphasize a specific portion of the transcript." Id. The Sixth Circuit held that the district court did not abuse its discretion in allowing the deliberating jury to review the witness's transcribed testimony.
 {¶ 16} We find the Ohio case law and the federal case law on the issue to be persuasive, and therefore find that the trial court in this case did not abuse its discretion when it permitted the transcript of A.C.'s testimony to be delivered to the jury. The child victim A.C. was the first of ten witnesses to testify, having done so two days before the jury began deliberating. Her testimony regarding the circumstances of the sexual abuse, particularly with regard to the specifications charged in the indictment that A.C. was under the age of ten when the abuse began, were facts important for accurate analysis by the jury.
 {¶ 17} Additionally, as in Rodgers, both parties were previously provided a copy of the transcript of A.C.'s testimony and there is nothing in the record or on appeal to suggest that the transcript provided to the jury was in any way inaccurate. Further, the only side bar conference held during A.C.'s testimony was redacted from the transcript given to the jury and, due to the fact that the court had previously transcribed A.C.'s testimony for instruction purposes, the transcript was easily provided to the jury that same afternoon. Additionally, as inRodgers, the trial court avoided the inherent danger encountered when a jury apprehends the testimony "out of context" by providing the jury with A.C.'s entire testimony, as elicited during both direct and cross-examination.
 {¶ 18} Therefore, the only remaining concern argued by the defendant is that the jury may have afforded the transcript "undue emphasis." However, we do not find that concern supported by the circumstances of this case. The jury deliberated for approximately ten hours before requesting the transcript, but at no time indicated that they were having difficulty reaching a unanimous verdict. After receiving the transcript, the jury continued to deliberate for an additional three hours before returning with a verdict. In a case involving ten counts of sexual abuse, two lesser included offenses, age specifications, and 18 pages of jury instructions, we do not find the amount of time that the jury deliberated, before or after receiving the transcript, indicative of the jury's placing undue emphasis on the transcript.
 {¶ 19} Based on the circumstances of the case, the above analysis, and the fact that appellant's trial counsel did not object to the jury's review of the transcript in the jury room, we find that the trial court did not abuse its discretion in permitting the delivery of the transcript of A.C.'s testimony to the jury room.
 {¶ 20} We now turn to appellant's argument that the trial court committed plain error by failing to issue a limiting instruction cautioning the jury against putting undue emphasis on the transcript. Because appellant's trial counsel did not request any limiting instruction, our review of this issue is limited to a determination of whether the court committed plain error in failing to sua sponte give a limiting instruction regarding the transcript. See, State v. Davis (1991), 62 Ohio St.2d 326, 339.
 {¶ 21} Crim.R. 52 governs harmless and plain error, stating that "plain errors or defects affecting substantial rights may be noticed although they were not brought to the attention of the court." Ohio law recognizes that plain error does not exist unless, but for the error, the outcome of the trial would have been different. State v. Haney, Clermont App. No. CA2005-07-068, 2006-Ohio-3899, ¶ 50. Further, "notice of plain error is to be taken with utmost caution, under exceptional circumstances and only to prevent a manifest miscarriage of justice." Id.
 {¶ 22} Appellant cites the Rodgers case, discussed above, for the proposition that the trial court was required to sua sponte issue a limiting instruction cautioning the jury about the proper use and weight of the transcribed testimony. While upholding the district court's decision to deliver a witness's transcribed testimony to the jury, the Rodgers court went on to hold that a district court is required to give a cautionary instruction when providing a deliberating jury with such a transcript. Rodgers, 109 F.3d at 1145. The court explained that an instruction cautioning the jury not to emphasize re-read testimony over other evidence represented the "minimum amount of protection" a court should provide if it grants a deliberating jury's request for testimony. Id.
 {¶ 23} However, we are aware of no case in Ohio law which has applied the rule announced in Rodgers. Of the Ohio cases reviewing the issue of a jury's request to re-read, re-hear or otherwise review evidence or testimony submitted during trial, none suggest that the trial court is required to give a limiting instruction when allowing such additional review. Compare, Statev. Riddle, Mahoning App. No. 99 CA 147, 2001-Ohio-3484 (citingState v. Mason, 82 Ohio St.3d 144, 1998-Ohio-370, for proposition that a limiting instruction is required when providing deliberating jury with transcript of recorded police interviews as listening aid), State v. Norton (July 29, 1993), Franklin App. No. 93AP-194 (recognizing that cautionary instruction was given to jury receiving witness's transcribed testimony during deliberations). On these facts, we therefore decline to find that the trial court erred in failing to sua sponte issue a limiting instruction when delivering the transcript of A.C.'s testimony to the jury.
 {¶ 24} We also note that, even if we were to follow the rule declared in Rodgers as requested by appellant, any error in failing to issue a limiting instruction in this case would not rise to the level of plain error. In Rodgers, the court held that although the district court had erred in failing to issue such a limiting instruction, that error failed to rise to the level of plain error. Id. at 1145. The court explained that the record failed to demonstrate that the district court's failure to give the cautionary instruction prejudicially affected the outcome of the trial or resulted in a miscarriage of justice. Id. The court therefore held that the error did not rise to the level of plain error and overruled the appellant's argument.
 {¶ 25} Similar to the appellant in Rodgers, appellant in the case before us has failed to demonstrate that the court's failure to provide the jury with a limiting instruction affected the outcome of the case. As we have already discussed above, we do not find appellant's contention that the jury afforded the transcript "undue emphasis" supported by the record. The jury, at no time, indicated a difficulty in reaching a unanimous verdict. Additionally, the length of time that the jury spent deliberating, before and after receiving A.C.'s transcribed testimony, was not inordinate for the circumstances of the case and do not plainly suggest that they placed undue emphasis on the transcript. Therefore, we do not find the court's failure to instruct the jury regarding the proper use or weight of the transcript to have affected the outcome of the case or created a manifest miscarriage of justice. Therefore, even if we were to follow the analysis of the Sixth Circuit as requested by appellant and determine that the court erred in failing to give a limiting instruction to the jury in this case, such error did not rise to the level of plain error requiring reversal to cure a manifest miscarriage of justice. Accordingly, appellant's first assignment of error is overruled.
 {¶ 26} Assignment of Error No. 2:
 {¶ 27} "THE DEFENDANT-APPELLANT RECEIVED THE INEFFECTIVE ASSISTANCE OF COUNSEL."
 {¶ 28} Appellant's second assignment of error contends that he was denied the effective assistance of trial counsel due to his attorney's failure to request that the judge issue a cautionary instruction to the jury concerning the proper use of the transcribed testimony.
 {¶ 29} In order to successfully establish a claim of ineffective assistance of counsel, an appellant must satisfy both prongs of the two-part showing required in Strickland v.Washington (1984), 466 U.S. 668, 104 S.Ct. 2052. First, an appellant must show that his trial counsel's performance was deficient, and second, that the deficient performance prejudiced the defense to the point of depriving the appellant of a fair trial. State v. Brown, Warren App. No. CA2002-03-026, 2002-Ohio-5455, ¶ 10, citing Strickland. In order to establish the first prong, an appellant must show that his counsel's representation "fell below an objective standard of reasonableness." Strickland at 688. However, attorneys are given a "heavy measure of deference" in their decision making and there exists a "strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance." Id. at 689. Additionally, even debatable strategic and trial tactics do not constitute ineffective assistance of counsel. In reJ.B., Butler App. Nos. CA2005-06-176, CA2005-07-193, CA2005-08-377, 2006-Ohio-2715. In order to establish the second prong, an appellant must show "a reasonable probability that, but for counsel's actions, the result of the proceeding would have been different." Strickland at 694. Failure to make an adequate showing on either the "performance" or "prejudice" prongs of theStrickland standard is fatal to an appellant's claim. Id. at 697.
 {¶ 30} In the case at bar, appellant argues that his trial counsel's error in failing to request a cautionary jury instruction regarding the transcript of A.C.'s testimony falls outside the presumption of reasonable trial strategy and prejudiced the outcome of the trial. However, we have previously recognized that the failure to seek a limiting instruction does not in and of itself indicate ineffective assistance of counsel.Brown at ¶ 16, State v. Homer, Warren App. No. CA2003-12-117,2006-Ohio-1432. In Brown, this court rejected a claim of ineffective assistance where the appellant's trial counsel had failed to request a limiting jury instruction regarding certain evidence received during trial. Id. We explained that a trial counsel may have a sound reason for not requesting such an instruction. Id.
 {¶ 31} Appellant in the case at bar argues that his trial counsel's failure to request a limiting instruction cannot fall within reasonable trial strategy because his counsel had objected to the submission of the transcript and therefore clearly recognized its prejudicial value. However, as in Brown,
appellant's counsel may have decided that a limiting instruction would bring undue attention to the objectionable testimony and may therefore have chosen not to request an instruction as a part of a reasonable trial strategy.
 {¶ 32} Further, appellant has failed to establish that the outcome of the trial was affected by his counsel's failure to request a limiting instruction. As we have discussed above, we do not find appellant's argument that the jury afforded the transcript undue emphasis to be supported by the record. Therefore, appellant has failed to show that his attorney's failure to request an instruction cautioning against such emphasis to have affected the outcome of the case. Accordingly, appellant's second assignment of error is overruled.
 {¶ 33} Assignment of Error No. 3:
 {¶ 34} "THE TRIAL COURT ERRED TO THE PREJUDICE OF DEFENDANT-APPELLANT WHEN IT MADE CERTAIN FACTUAL FINDINGS IN IMPOSING CONSECUTIVE, MAXIMUM SENTENCES ON APPELLANT."
 {¶ 35} Appellant's final assignment of error challenges the sentences imposed by the trial court as contrary to law. Specifically, appellant challenges the court's imposition of maximum and consecutive prison terms as violative of Blakely v.Washington (2004), 542 U.S. 296, 124 S.Ct. 2531, and State v.Foster, 109 Ohio St.3d 1, 2006-Ohio-856. We note that appellant was sentenced under portions of Ohio's statutory sentencing scheme which have since been deemed unconstitutional by the Ohio Supreme Court. Among these sections was R.C. 2929.14(C), which required judicial fact-finding before the imposition of maximum prison terms. Foster at ¶ 97-99. The court further found that R.C. 2929.14(E)(4) and R.C. 2929.41(A), which required judicial fact-finding before the imposition of consecutive sentences, were also unconstitutional. Id. The court severed these sections from the remaining statutory provisions. Id. As a result, judicial fact-finding prior to the imposition of a sentence within the basic statutory ranges is no longer required. Foster at ¶ 100. The Foster court instructed that all cases pending on direct review in which the unconstitutional sentencing provisions were utilized must be remanded for resentencing. Foster at ¶ 104.
 {¶ 36} The state agrees that appellant was sentenced under statutes now deemed unconstitutional and must be resentenced. Consequently, we remand this case for resentencing consistent with Foster. The trial court will have full discretion to impose sentences within the statutory ranges and is no longer required to make findings or give reasons for imposing consecutive or maximum sentences. Appellant's third assignment of error is sustained.
 {¶ 37} Having reviewed the assignments of error, we affirm appellant's convictions for one count of rape and two counts of gross sexual imposition. However, pursuant to Foster, we reverse the court's sentencing decisions and remand this matter for resentencing in accordance with this opinion.
 {¶ 38} Judgment reversed as to sentencing only.
Walsh and Young, JJ., concur.