OPINION
{¶ 1} Defendant-appellant, Jay D. Henderson, appeals his conviction in the Butler County Court of Common Pleas for unlawful sexual conduct with a minor. We affirm appellant's conviction.
 {¶ 2} In 2004, Hamilton City Police Detective Mark Hayes first became aware of a sexual relationship between appellant, who was 17 years old at the time, and the *Page 2 
victim, S.R, who was 13 years old. The victim's mother reported to Detective Hayes that she was concerned that her daughter might become pregnant as a result of this relationship. However, Detective Hayes informed the victim's mother that because appellant was not yet 18, he had not committed a crime.
 {¶ 3} In November 2005, Detective Hayes received a referral from the Butler County Children Services Board that indicated the victim had become pregnant with her second child and that appellant, who had become an adult, was the father of both children. Detective Hayes then arrested appellant, and had him transported to the police department.
 {¶ 4} At the police department, Detective Hayes explained to appellant why he had been arrested and advised appellant of his Miranda rights. Appellant signed a Miranda warning card, indicating that he understood his rights and that he wished to speak to Detective Hayes without a lawyer present. Appellant admitted that he was the father of the victim's first child, but claimed he was not the father of her second child and denied having sex with the victim after he turned 18. Appellant stated that he knew it was illegal for an adult to have sex with a minor. However, appellant eventually admitted that it was possible that he could be the father of the second child and that he did have sex with the victim around the time she became pregnant. At the time the victim became pregnant with her second child, she was 14 years old, and appellant was 18 years old.
 {¶ 5} After a jury trial, appellant was convicted of illegal sexual conduct with a minor in violation of R.C. 2907.04(A). At the sexual classification and sentencing hearings, appellant was found to be a sexual predator and sentenced to serve a prison term of five years and pay a fine of $10,000. Appellant appeals his conviction, raising the following assignment of error: *Page 3 
 {¶ 6} "TRIAL COUNSEL RENDERED INEFFECTIVE ASSISTANCE TO DEFENDANT-APPELLANT AND DENIED DEFENDANT-APPELLANT A FAIR TRIAL THROUGH COUNSEL'S FORCEFUL DEALINGS WITH APPELLANT AND COUNSEL'S FAILURE TO ADVOCATE FOR APPELLANT."
 {¶ 7} Appellant argues that he was denied a fair trial because "differences arose * * * with his attorney * * * regarding trial tactics." Specifically, appellant argues that his attorney should have emphasized the longstanding relationship that he had with the victim as it would have had a mitigating impact. Further, appellant argues that his counsel should not have stipulated to the sexual predator evaluation by Dr. Bobbi Hopes.
 {¶ 8} In order to successfully establish a claim of ineffective assistance of counsel, an appellant must satisfy both prongs of the two-part showing required in Strickland v. Washington (1984),466 U.S. 668, 104 S.Ct. 2052. First, an appellant must show that his trial counsel's performance was deficient; and second, that the deficient performance prejudiced the defense to the point of depriving the appellant of a fair trial. State v. Cox, Butler App. No. CA2005-12-513,2006-Ohio-6075, ¶ 29, citing Strickland. In order to establish the first prong, an appellant must show that his counsel's representation "fell below an objective standard of reasonableness." Strickland at 688. However, attorneys are given a "heavy measure of deference" in their decision making and there exists a "strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance." Id. at 689. In order to establish the second prong, an appellant must show "a reasonable probability that, but for counsel's actions, the result of the proceeding would have been different." Id. at 694. The failure to make an adequate showing on either the "performance" or "prejudice" prongs of the Strickland standard is fatal to an appellant's claim. Id. at 697. *Page 4 
 {¶ 9} After reviewing the record, we find that appellant's trial counsel's performance was far from deficient. The record indicates that appellant's trial counsel vigorously represented him at trial and at the sexual classification and sentencing hearings. At trial, appellant's counsel objected to the victim's testimony regarding the timeline of events and also on the basis of other acts evidence pursuant to Evid.R. 404(B) and a previous conviction for a sex offense. In raising objections, appellant's counsel demonstrated particular concern for preserving the record for appeal. Further, appellant's counsel cross-examined each of the state's witnesses and raised a Crim.R. 29 motion for acquittal.
 {¶ 10} After the verdict was announced, the trial court stated:
 {¶ 11} "I want to compliment counsel for the fine work that they did on this case and the professional manner in which they conducted themselves. It is the first case I had with [appellant's counsel] and hope[fully] one of many. I've had many [cases] with [the prosecutor, and] it is always a pleasure to preside over the case with two fine attorneys. So thank you."
 {¶ 12} Further, at the sexual classification and sentencing hearings, appellant complained that his trial counsel used forceful and intimidating language in a pre-trial hearing that prevented the two of them from cooperating, and moved for a new trial with a different attorney. In overruling appellant's motion, the trial court stated:
 {¶ 13} "[Appellant], I don't find your suggestion that [your counsel] used such forceful language or actions with you that it intimidated you. I find that to be incredible. And furthermore, [your counsel] is an excellent attorney. You were fortunate to have his services in this case. And as he has indicated, apparently you asked that he stay on this case. And he did a fine job of representing you. * * * I think you had a fair trial. You had excellent representation." *Page 5 
 {¶ 14} We find that each of the issues appellant raises in support of his argument are matters of trial strategy, and we find that appellant's trial counsel's performance did not fall below an objective level of reasonableness. Accordingly, appellant's assignment of error is overruled.
 {¶ 15} Judgment affirmed.
 YOUNG, P.J., and WALSH, J., concur. *Page 1