[Cite as *State v. Stolzenburg*, 2021-Ohio-3647.]

IN THE COURT OF APPEALS

TWELFTH APPELLATE DISTRICT OF OHIO

FAYETTE COUNTY

| | | |
|---|---|---|
| STATE OF OHIO, | : | |
| Appellee, | : | CASE NO. CA2020-12-022 |
| | : | O P I N I O N |
| - vs - | | 10/12/2021 |
| | : | |
| MICHAEL L. STOLZENBURG, | : | |
| Appellant. | : | |

CRIMINAL APPEAL FROM FAYETTE COUNTY COURT OF COMMON PLEAS
Case No. CRI 20200044

Jess C. Weade, Fayette County Prosecuting Attorney, for appellee.

Shannon M. Treynor, for appellant.

**BYRNE, J.**

{¶1}  Michael Stolzenburg appeals from his conviction for having weapons while under disability in the Fayette County Court of Common Pleas.  For the reasons set forth below, we affirm Stolzenburg's conviction.

### I.  Procedural and Factual Background

{¶2}  In February 2020, a Fayette County grand jury indicted Stolzenburg on one count of having weapons while under disability in violation of R.C. 2923.13.  The matter

proceeded to a bench trial. At the outset of the trial, Stolzenburg stipulated to having previously been convicted of a felony offense of violence. Therefore, there was no dispute that Stolzenburg was under a disability and was not lawfully permitted to "acquire, have, carry, or use any firearm or dangerous ordnance[.]" R.C. 2923.13(A)(2).

{¶3} Deputy U.S. Marshal Mark Stroh testified that on January 29, 2020, he was working with "SOFAST," the Southern Ohio Fugitive Apprehension Strike Team, which is a multi-agency team of law enforcement officers who search for and arrest individuals with outstanding warrants. That day, SOFAST was looking for Stolzenburg, who had an outstanding arrest warrant. They went to a residence in Fayette County that Stolzenburg had listed as his residence with the Adult Parole Authority. When they arrived, officers met a female at the door. Deputy Marshal Stroh identified her as Stolzenburg's girlfriend or wife. Stolzenburg then came to the door and submitted to arrest without incident.

{¶4} Stroh took Stolzenburg into his custody and patted him down. During the search, Stroh recovered bullets in Stolzenburg's pants pocket. Stroh recalled Stolzenburg then commenting, "it's not a big deal I just found those while I was cleaning up around the house." Stroh further recalled that Stolzenburg was not wearing a shirt and asked officers to get him a shirt to wear. Eventually, someone brought him a shirt.

{¶5} Sergeant John Fausnaugh testified that he was a detective with the Fayette County Sheriff's Office. He was also the manager of the Sheriff's property room. On January 29, 2020, he was called out to 3075 Ford Road in Fayette County. He had been informed that SOFAST, in executing a warrant at this location, had located a firearm inside the residence.

{¶6} Segreant Fausnaugh testified that 3075 Ford Road was a 1000 square foot, three bedroom, one bath home. He went inside and took photographs of a rifle and a container with fifteen .40-caliber rounds. These items were located on a bed in a bedroom

in the residence. He collected the rifle, the container with rounds, and a magazine containing nine additional .40-caliber rounds.

{¶7} Sergeant Fausnaugh testified the rounds were .40-caliber Smith and Wesson "Blazer Brass." They were the same caliber and brand of rounds that Deputy Marshal Stroh recovered from Stolzenburg. Sergeant Fausnaugh later test fired the rifle and confirmed its operability. He also determined that the rounds recovered near the rifle and the rounds found in Stolzenburg's pocket matched the rifle's bore caliber.

{¶8} The state rested and Stolzenburg moved for acquittal under Crim.R. 29. Stolzenburg argued that the state has presented no evidence tying him to the firearm recovered. The court denied the motion. Stolzenburg then rested without presenting evidence.

{¶9} The court found Stolzenburg guilty. Stolzenburg appealed and assigns two errors for our review, which we address together.

## II. Law and Analysis

{¶10} Assignment of Error No. 1

{¶11} THE COURT ERRED IN DENYING DEFENDANT/APPELLANT'S RULE 29 MOTION FOR ACQUITAL.

{¶12} Assignment of Error No. 2

{¶13} THE DEFENDANT'S CONVICTION IS AGAINST THE MANIFEST WEIGHT OF THE EVIDENCE.

{¶14} In his first assignment of error, Stolzenburg argues that the trial court erred in denying his Crim.R. 29 motion because the state's evidence was legally insufficient to permit the trial court to convict him of having weapons while under disability. In his second assignment of error, Stolzenburg contends that his conviction was against the manifest weight of the evidence.

- 3 -

**A. Standard of Review**

{¶15} Crim.R. 29(A) provides that "[t]he court on motion of a defendant or on its own motion, after the evidence on either side is closed, shall order the entry of a judgment of acquittal * * * if the evidence is insufficient to sustain a conviction of such offense or offenses." An appellate court reviews the denial of a Crim.R. 29(A) motion under the same standard as that used to review a sufficiency-of-the-evidence claim. *State v. Mota*, 12th Dist. Warren No. CA2007-06-082, 2008-Ohio-4163, ¶ 5; *State v. Huston*, 12th Dist. Fayette Nos. CA2006-05-021 and CA2006-06-022, 2007-Ohio-4118, ¶ 5.

{¶16} When reviewing the sufficiency of the evidence underlying a conviction, an appellate court examines the evidence to determine whether such evidence, if believed, would convince the average mind of the defendant's guilt beyond a reasonable doubt. *State v. Paul*, 12th Dist. Fayette No. CA2011-10-026, 2012-Ohio-3205, ¶ 9. Therefore, "[t]he relevant inquiry is whether, after viewing the evidence in a light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime proven beyond a reasonable doubt." *State v. Jenks*, 61 Ohio St.3d 259 (1991), paragraph two of the syllabus.

{¶17} A manifest weight of the evidence challenge examines the "inclination of the greater amount of credible evidence, offered at a trial, to support one side of the issue rather than the other." *State v. Barnett*, 12th Dist. Butler No. CA2011-09-177, 2012-Ohio-2372, ¶ 14. To determine whether a conviction is against the manifest weight of the evidence, the reviewing court must look at the entire record, weigh the evidence and all reasonable inferences, consider the credibility of the witnesses, and determine whether in resolving the conflicts in the evidence, the trier of fact clearly lost its way and created such a manifest miscarriage of justice that the conviction must be reversed, and a new trial ordered. *State v. Graham*, 12th Dist. Warren No. CA2008-07-095, 2009-Ohio-2814, ¶ 66.

{¶18} In reviewing the evidence, an appellate court must be mindful that the original trier of fact was in the best position to judge the credibility of witnesses and determine the weight to be given to the evidence. *State v. Blankenburg*, 197 Ohio App.3d 201, 2012-Ohio-1289, ¶ 114 (12th Dist.). An appellate court will overturn a conviction due to the manifest weight of the evidence only in the exceptional case in which the evidence weighs heavily against the conviction. *State v. Zitney*, 12th Dist. Clinton No. CA2020-06-007, 2021-Ohio-466, ¶ 15. A determination that a conviction is supported by the manifest weight of the evidence will also be dispositive of the issue of sufficiency. *State v. Reeder*, 12th Dist. Clinton Nos. CA2020-09-012 and CA2020-09-013, 2021-Ohio-2988, ¶ 31.

## B. Analysis of Weapons under Disability Conviction

{¶19} The trial court convicted Stolzenburg of having weapons while under disability in violation of R.C. 2923.13. That statute provides, in relevant part, that no person shall "knowingly acquire, have, carry, or use any firearm or dangerous ordnance, if * * * [t]he person * * * has been convicted of any felony offense of violence." R.C. 2923.13(A)(2). To "have" a firearm within the meaning of R.C. 2923.13(A), a person must have actual or constructive possession of the firearm. *State v. Leide*, 12th Dist. Butler No. CA2005-08-363, 2006-Ohio-2716, ¶ 29.

{¶20} Possession entails having control over an object. *State v. Robinson*, 12th Dist. Butler No. CA2014-12-256, 2015-Ohio-4649, ¶ 29, citing R.C. 2925.01(K) (defining "possession" as it relates to drug offenses). "An accused has 'constructive possession' of an item when the accused is conscious of the item's presence and is able to exercise dominion and control over it, even if the item is not within the accused's immediate physical possession." *State v. Jester*, 12th Dist. Butler No. CA2010-10-264, 2012-Ohio-544, ¶ 25.

{¶21} Constructive possession may be demonstrated by circumstantial evidence alone. *State v. Williams,* 12th Dist. Butler No. CA2014-09-180, 2015-Ohio-2010, ¶ 15.

- 5 -

"Absent a defendant's admission, the surrounding facts and circumstances, including the defendant's actions, are evidence that the trier of fact can consider in determining whether the defendant had constructive possession." *Id.* Circumstantial evidence and direct evidence have same probative value. *State v. Gragg*, 173 Ohio App.3d 270, 2007-Ohio-4731, ¶ 17 (12th Dist.)

{¶22} Stolzenburg argues that the state presented no evidence indicating who leased or owned 3075 Ford Road, whether other people lived there, whether Stolzenburg lived there or was just found there, whose bedroom the rifle was located in, and to whom the rifle was registered. Stolzenburg argues that the only evidence linking him to the rifle were the rounds in his pocket.

{¶23} Upon review, we find that the evidence demonstrated multiple connections between Stolzenburg, the rifle, and the residence, which, taken together, circumstantially demonstrate Stolzenburg's constructive possession of the rifle. Stolzenburg listed 3075 Ford Road as his residence with the parole authorities. He was found there with a female companion. This was a small, 1000 square foot home in which a rifle was located on a bed, in plain sight. This indicates that Stolzenburg would have been aware of the existence of the rifle and would have had the ability to exercise dominion and control over it. It was winter and Stolzenburg was shirtless when first contacted by SOFAST agents. This indicates a level of comfort and permanence with the residence, thus further indicating that he did in fact live at the premises. Officers were also able to retrieve a shirt for him to wear following his arrest.

{¶24} Stolzenburg was found with rounds in his pocket that matched the caliber and brand of rounds found near the rifle and matched the rifle's bore caliber. His claim that the rounds were "no big deal" evidenced a guilty mind and his understanding that he was under disability. And his explanation that he found the bullets while "cleaning up" further

connected him to the residence. One would not expect Stolzenburg to claim to be "cleaning up" a home where he did not reside.

### III. Conclusion

{¶25} The state's case was circumstantial but there was evidence to reasonably connect Stolzenburg to the rifle and demonstrate that the trial court did not lose its way. Stolzenburg's conviction was not against the manifest weight of the evidence. Our finding that Stolzenburg's conviction was not against the manifest weight of the evidence also resolves the issue of sufficiency. *Reeder*, 2021-Ohio-2988, ¶ 31. We overrule Stolzenburg's first and second assignments of error.

{¶26} Judgment affirmed.


PIPER, P.J., and M. POWELL, J., concur.