[Cite as *State v. Castellon*, 2014-Ohio-166.]

IN THE COURT OF APPEALS

TWELFTH APPELLATE DISTRICT OF OHIO

BUTLER COUNTY


| | | |
|---|---|---|
| STATE OF OHIO, | : | |
| Plaintiff-Appellee, | : | CASE NO.  CA2013-03-047 |
| | : | O P I N I O N |
| - vs - | | 1/21/2014 |
| | : | |
| RONALD A. CASTELLON, | : | |
| Defendant-Appellant. | : | |


CRIMINAL APPEAL FROM BUTLER COUNTY COURT OF COMMON PLEAS
Case No. CR2012-12-2035


Michael T. Gmoser, Butler County Prosecuting Attorney, Kimberly L. McManus, Government Services Center, 315 High Street, 11th Floor, Hamilton, Ohio 45011, for plaintiff-appellee

Fred S. Miller, Baden & Jones Bldg., 246 High Street, Hamilton, Ohio 45011, for defendant-appellant


**RINGLAND, J.**

{¶ 1}  Defendant-appellant, Ronald Castellon, appeals from his conviction in the Butler County Court of Common Pleas of one count of domestic violence.  For the reasons detailed below, we affirm the decision of the trial court.

{¶ 2} Appellant was charged under a two-count indictment for domestic violence in violation of R.C. 2919.25(A), and intimidation of an attorney, victim or witness in a criminal case in violation of R.C. 2921.04(B).

{¶ 3} On February 25, 2013 appellant was tried by a jury for those offenses. The state called four witnesses to testify in its case-in-chief. Stephanie Rodriguez, the victim, was the first to testify. Kailyn Murphy, the victim's daughter who was present during the altercation, was the second witness to testify. Finally, the state called the two police officers who responded to the scene of the altercation, Officer Aaron Hucke and Officer Michael Thacker. The testimonies of all four witnesses were concluded on the first day of trial. Following those four testimonies, the state rested.

{¶ 4} The trial court judge had a scheduling conflict the following day and was unable to be present. As such, the judge ordered a one-day continuance for the trial with instructions that the case be resumed on February 27, 2013.

{¶ 5} The trial resumed as scheduled and appellant then presented his defense. Appellant was the sole witness called by the defense. Appellant concluded his testimony on the same day and the jury retired for deliberations.

{¶ 6} Shortly after adjourning from the courtroom, the jury sent a request to the trial court judge, which stated:

> The jury would like to request Stephanie and Katilyn [sic] police statements and the statements from Monday [sic] testimony.

Following a brief discussion between the parties, the trial court judge denied the jury's request and further instructed:

> The statements were not admitted into evidence and are not available. No transcript of testimony is available. Please rely on your notes and collective memory.

Neither party objected to the trial court's response or requested that the jury be provided with

any transcript or supplemental information.

{¶ 7} Following its deliberations, the jury found appellant guilty of domestic violence, but acquitted appellant of the intimidation charge. Appellant was subsequently sentenced to an 18-month prison term. Appellant now appeals his conviction, raising a single assignment of error for review:

{¶ 8} THE TRIAL COURT ERRED TO THE PREJUDICE OF DEFENDANT-APPELLANT WHEN IT REFUSED TO ALLOW THE JURY TO REVIEW THE TRANSCRIPTS OF BOTH STEPHENIE [sic] RODRIGUEZ AND KAILYN MURPHY.

{¶ 9} In his sole assignment of error, appellant argues the trial court erred by not permitting the jury to view the transcripts of the testimony offered by both Rodriguez and Murphy during trial. Appellant argues the transcripts should have been provided to the jury because the one-day delay in trial affected the jurors' memories and prevented the jury from relying on complete and current information in reaching their verdict. We find no merit to this argument.

{¶ 10} It is well-established that a trial court has broad discretion in determining whether to permit a jury to rehear all or part of a witness' testimony during its deliberations. *State v. Weaver*, 12th Dist. Butler No. CA2009-01-022, 2009-Ohio-5923, ¶ 16, citing *State v. Leonard*, 104 Ohio St.3d 54, 2004-Ohio-6235, ¶ 123. As such, a reviewing court should not reverse a trial court's decision absent an abuse of discretion. *State v. Cox*, 12th Dist. Butler No. CA2005-12-513, 2006-Ohio-6075, ¶ 11. An abuse of discretion is more than an error of law or judgment, but instead connotes that the trial court's decision was "unreasonable, arbitrary or unconscionable." *State v. Hancock*, 108 Ohio St.3d 57, 2006-Ohio-160, ¶ 130; *State v. Carter*, 72 Ohio St.3d 545, 560 (1995).

{¶ 11} However, because defense counsel did not object to the trial court's refusal to provide the former interviews and transcripts, reversal on this basis would require a finding of

plain error. *Carter* at 560. An alleged error constitutes plain error only if the error is "obvious" and may only be a basis for reversal in circumstances where "but for the error, the outcome of the trial clearly would have been otherwise." *State v. Russell*, 12th Dist. Butler No. CA2012-08-156, 2013-Ohio-3079, ¶ 44, quoting *State v. Lang*, 129 Ohio St.3d 512, 2011-Ohio-4215, ¶ 108. A reviewing court's finding of plain error "is to be taken with the utmost caution, under exceptional circumstances and only to prevent a manifest miscarriage of justice." *State v. Long*, 53 Ohio St.2d 91 (1978), paragraph three of the syllabus; *Russell* at ¶ 44.

{¶ 12} This court has previously acknowledged the inherent dangers that arise when a trial court permits a jury to rehear testimony during deliberations. *Weaver* at ¶ 17; *Cox* at ¶ 14. These dangers include the potential for the jury to place "undue emphasis" on the testimony or take the testimony "out of context." *Id.* We have also acknowledged the presence of more general concerns, including: "(1) the transcript provided to the jury must be accurate; (2) transcription of side bar conferences, and any other matters not meant for jury consumption, must be redacted; and (3) the court should take into consideration the reasonableness of the jury's request and the difficulty complying therewith." *Weaver* at ¶ 17.

{¶ 13} With these principles in mind, we find the trial court did not abuse its discretion when it denied the jury's request. The trial court was under no mandatory obligation to provide transcripts of witness testimony. *See Carter*, 72 Ohio St.3d 545 at 560; *see also State v. Majid*, 8th Dist. Cuyahoga No. 96855, 2012-Ohio-1192, ¶101. The trial court properly instructed the jury to "rely on your notes and collective memory." Any contention that the jury "lost its way" in its deliberations based on a collective lapse in memory would be purely speculative and not supported by the record.

{¶ 14} Moreover, the record is devoid of any evidence that appellant's rights were prejudiced by the trial court's denial of the jury's request for trial transcripts. Although there

was a one-day delay in the trial, the jury was made well-aware of the judge's schedule from the very beginning of the trial. Appellant's jury trial involved only two charges and consisted of the testimony of five witnesses and the introduction of eight exhibits into evidence. The jury consisted of 12 members who were permitted to take notes during the testimony and were able to confer amongst themselves in recalling the evidence introduced at trial. There is simply nothing in the record to suggest that appellant was in any way prejudiced by the trial court's decision to reject the jury's request for a transcript of the earlier testimony.

{¶ 15} We are assisted in this determination by the fact that the jury never renewed its request for any supplemental information or indicated any difficulty in reaching a unanimous decision. This is especially compelling in the present case because the record indicates the jury placed its request for the statements and testimony almost immediately upon beginning deliberations. This was indeed noted by the trial court when it acknowledged on the record that "the jury hadn't even had a chance to close the door before their first question."

{¶ 16} Considering the inherent dangers present whenever a trial court permits a jury to rehear testimony, the trial court could reasonably believe that the jury would place undue emphasis on the testimony or otherwise take the testimony out of context if the jury was not first given a chance to reflect on the material without the aid of the trial transcripts. Accordingly, appellant's sole assignment of error is overruled.

{¶ 17} Judgment affirmed.

HENDRICKSON, P.J., and S. POWELL, J., concur.