[Cite as *State v. Brown*, 2017-Ohio-4231.]

IN THE COURT OF APPEALS

TWELFTH APPELLATE DISTRICT OF OHIO

PREBLE COUNTY

| | | |
|---|---|---|
| STATE OF OHIO, | : | |
| Plaintiff-Appellee, | : | CASE NO. CA2016-07-006 |
| | : | O P I N I O N |
| - vs - | | 6/12/2017 |
| | : | |
| LARRY E. BROWN II, | : | |
| Defendant-Appellant. | : | |

CRIMINAL APPEAL FROM PREBLE COUNTY COURT OF COMMON PLEAS
Case No. 15CR011706

Martin P. Votel, Preble County Prosecuting Attorney, Kathryn West, Preble County Courthouse, 101 East Main Street, Eaton, Ohio 45320, for plaintiff-appellee

Repper, Pagan, Cook, Ltd., Christopher J. Pagan, 1501 First Avenue, Middletown, Ohio 45044, for defendant-appellant

**PIPER, J.**

{¶ 1} Defendant-appellant, Larry Brown, appeals his convictions in the Preble County Court of Common Pleas for rape, sexual battery, gross sexual imposition, and importuning.

{¶ 2} The charges stem from allegations made by B.H., who alleged that Brown had kissed her, forced her to masturbate him, and forced her to perform fellatio on him when she was 11 and 12 years old. According to B.H., Brown's sexual abuse occurred at a farm owned

by a family friend when she and Brown would be there working for the farm's owner. B.H. recorded some of her thoughts about the sexual abuse in a journal, which was later found and read by her mother. B.H. also told her mother and grandmother about the sexual abuse after it occurred.

{¶ 3} Brown was indicted, and pled not guilty. After waiving the right to a jury trial, Brown was tried by the court during a bench trial. The trial court found Brown guilty on all charges. After merging the other counts into the rape charge, the court sentenced Brown to a term of ten years to life in prison. Brown now appeals his convictions and sentence, raising the following assignments of error.

{¶ 4} Assignment of Error No. 1:

{¶ 5} THE TRIAL COURT ERRED TO THE PREJUDICE OF APPELLANT WHEN IT DID NOT GRANT HIS MOTION FOR A NEW TRIAL.

{¶ 6} Brown argues in his first assignment of error that the trial court should have granted him a new trial based on a *Brady* violation by the state.

{¶ 7} According to Crim.R. 33(A), a new trial may be granted "for any of the causes affecting materially" the defendant's substantial rights. Two of those causes include "(1) irregularity in the proceedings, or in any order or ruling of the court, or abuse of discretion by the court, because of which the defendant was prevented from having a fair trial," and "(3) accident or surprise which ordinary prudence could not have guarded against." The decision to grant or deny a motion for a new trial is within the sound discretion of the trial court, and will not be reversed absent an abuse of that discretion. *State v. Ruhlman*, 12th Dist. Butler No. CA2005-05-125, 2006-Ohio-2137. An abuse of discretion "connotes more than an error of law or judgment; it implies that the court's attitude is unreasonable, arbitrary, or unconscionable." *State v. Adams*, 62 Ohio St.2d 151, 158 (1980).

{¶ 8} Brown argues that he was entitled to a new trial because he was surprised and

the proceedings were irregular where the victim alleged for the first time at trial that an instance of sexual abuse occurred at a site other than the farm. While Brown argues on appeal that such testimony constituted a *Brady* violation, we need not address the matter as such, given that Brown moved for a new trial, but did not argue a *Brady* violation to the trial court in his motion. Instead, Brown argued only that the information about a second location was not disclosed before trial, and as such, Brown was unable to prepare a defense or cross-exam the victim on the point. Brown, however, never alleged that the victim's statement was material, or that the results of his trial would have been different, as is required pursuant to the *Brady* standard. *Brady v. Maryland*, 373 U.S. 83, 83 S.Ct. 1194 (1963).

{¶ 9} Moreover, and even if Brown properly argued a *Brady* violation in the trial court, we note the information regarding an additional location was, in fact, addressed at trial, and as such, could not form the basis of a *Brady* claim. *See State v. Hanna*, 95 Ohio St.3d 285, 2002-Ohio-2221, ¶ 82 (denying *Brady* claim where the evidence in question "was presented *during* the trial [and not after the trial as in *Brady*]" so that "no *Brady* violation exists") (Emphasis sic.); *State v. Payne*, 10th Dist. Franklin No. 09AP-107, 2010-Ohio-1018, ¶ 31. ("if the evidence is disclosed *during* the trial, there is no *Brady* violation") (Emphasis sic.); and *State v. Clarke*, 12th Dist. Butler No. CA2015-11-189, 2016-Ohio-7187, ¶ 40 ("However, a *Brady* violation occurs only where suppressed exculpatory evidence is discovered after trial. * * * Even if the evidence is disclosed during the trial, there is no *Brady* violation").

{¶ 10} If a possible *Brady* violation or a failure of discovery is first determined during trial, the proper remedy is a motion for an order of continuance pursuant to Crim.R. 16. *State v. Brown*, 2d Dist. Montgomery No. C.A. Case No. 12949, 1992 Ohio App. LEXIS 4991 (Sept. 30, 1992). Absent a showing that a continuance or other order, such as a mistrial, would remedy the prejudice concerned, a failure to move for continuance or other appropriate order waives the objection. *State v. Wickline*, 50 Ohio St.3d 114 (1990).

- 3 -

{¶ 11}   The record indicates that the victim testified during the state's case-in-chief that Brown forced her to masturbate him at a location other than the farm where she alleged all the other sexual abuse occurred.  The state does not deny that the evidence was not made available to Brown during discovery because the victim only disclosed the specific instance of abuse the Friday before the trial started.  Even so, the victim's testimony, aside from the location it was alleged to have occurred, was cumulative to the other testimony given regarding the times Brown forced the victim to masturbate him as part of his ongoing sexual abuse of the victim.  Moreover, Brown never asked for a continuance to investigate the issue or prepare a new or different defense based on the allegation that the sexual abuse also occurred at a different location.

{¶ 12}   There is no indication in the record that the evidence regarding the sexual abuse taking place at another location materially affected Brown's rights.  Brown heavily cross-examined the victim about her credibility, and specifically raised questions regarding the victim's changing story.  Thus, the trial court was well-aware of the defense's strategy of casting the victim as a liar and asking the trial court to believe that her testimony lacked credibility as compared to Brown's own testimony that he did not sexually abuse the victim.

{¶ 13}   The fact that the trial court understood the defense strategy is apparent when reviewing its entry denying Brown's motion for a new trial in which it stated,

> Even if the court were to assume that Defendant has established that there was misconduct or surprise, the Court does not find that there is a strong probability that a different result would be reached at a second trial.  Defendant's defense was simply that the alleged victim * * * was lying when she testified about the various sexual encounters.  He denied all of the claims of sexual misconduct.  Defendant simply speculates that had he been aware of a claim that an incident happened at a second location [the] same may have led to additional fact witnesses, helped to establish a time line, or provided a potential alibi defense.  In the Court's opinion, said speculation is not sufficient to support a motion for a new trial.

{¶ 14} We agree with the trial court that Brown's speculation was insufficient to demonstrate his right to a new trial. Having found that the trial court did not abuse its discretion in denying Brown's motion for a new trial, we overrule Brown's first assignment of error.

{¶ 15} Assignment of Error No. 2:

{¶ 16} APPELLANT RECEIVED THE INEFFECTIVE ASSISTANCE OF COUNSEL.

{¶ 17} Brown argues in his second assignment of error that he received ineffective assistance of counsel because his trial counsel failed to offer impeachment evidence and question the victim on prior false allegations.

{¶ 18} To prevail on an ineffective assistance of counsel claim, appellant must show his trial counsel's performance was deficient, and that he was prejudiced as a result. *State v. Clarke*, 12th Dist. Butler No. CA2015-11-189, 2016-Ohio-7187, ¶ 49; *Strickland v. Washington*, 466 U.S. 668, 687-688, 104 S.Ct. 2052 (1984). Trial counsel's performance will not be deemed deficient unless it fell below an objective standard of reasonableness. *Strickland* at 688. To show prejudice, appellant must establish that, but for his trial counsel's errors, there is a reasonable probability that the result of his trial would have been different. *Id.* at 694.

{¶ 19} The failure to satisfy either prong of the *Strickland* test is fatal to an ineffective assistance of counsel claim. *Clarke* at ¶ 49. Counsel is strongly presumed to have rendered adequate assistance and made all significant decisions in the exercise of reasonable professional judgment. *State v. Burns*, 12th Dist. Clinton No. CA2013-10-019, 2014-Ohio-4625, ¶ 7.

{¶ 20} Brown first alleges that his trial counsel was ineffective for failing to ask for a recess to investigate the victim's claim that an instance of sexual abuse occurred at a location other than the farm. As previously stated, however, the victim's testimony regarding

Brown forcing her to masturbate him at a different location was cumulative to many other instances of abuse that occurred during the years that Brown molested the victim, and did not form the basis for any of the charges for which Brown stood trial. There is no indication in the record that the results of Brown's trial would have been different had counsel asked for a continuance to investigate one additional instance of sexual abuse as described by the victim where the defense strategy was that Brown never sexually abused the victim regardless of location.

{¶ 21} Moreover, Brown claims that the failure of counsel to investigate the issue denied him the opportunity to impeach the victim's credibility. The record, however, indicates that defense counsel's strategy during the entire bench trial was to challenge the victim's credibility throughout with cross-examination. Defense counsel did challenge the victim's credibility on many occasions. The trial court, acting as the trier of fact, found the victim's testimony more credible than Brown's, and the results of Brown's trial would not have been different had defense counsel attempted to impeach the victim's credibility one more time.

{¶ 22} Brown speculates as to the impeachment value of any testimony his counsel *might* have been able to develop. Extrinsic evidence from other witnesses may have contradicted the victim, but it does not necessarily mean that the victim was not telling the truth. Any effect upon the trial court would simply remain unknown, and we cannot say that the result of the trial would have been any different.

{¶ 23} Brown next claims that his trial counsel was ineffective for not questioning the victim about her previous claims of sexual abuse by other men. Brown asserts that had his trial counsel questioned the victim about her previous allegations, the trial court would have seen her as a "problem child who had lied about many things in her life," including that she made false allegations regarding sexual abuse. However, the record only indicates that a third person who testified at trial indicated that she had heard that the victim had been

sexually abused in the past. Yet, the victim never told the witness directly that she had been sexually abused, let alone, that she had made false allegations involving sexual abuse in the past.

{¶ 24} There is simply no indication in the record to support such a contention. Brown has not supported his argument with any certainty on appeal that the victim would have testified on cross-examination that she made false allegations about being abused in the past. Even if defense counsel had asked the victim if she had ever made false allegations in the past, the fact remains that the trial court found the victim's testimony credible that Brown forced her into sex acts with him – regardless of what had or had not occurred with other men in the past. As such, and absent a showing that the results of Brown's trial would have been different, we find no ineffective assistance of counsel. Brown's second assignment of error is overruled.

{¶ 25} Judgment affirmed.

HENDRICKSON, P.J., and S. POWELL, J., concur.