[Cite as *State v. Cunningham*, 2018-Ohio-912.]

IN THE COURT OF APPEALS

TWELFTH APPELLATE DISTRICT OF OHIO

BUTLER COUNTY


| | | |
|---|---|---|
| STATE OF OHIO, | : | |
| | | CASE NO. CA2017-03-034 |
| Plaintiff-Appellee, | : | |
| | | O P I N I O N |
| | : | 3/12/2018 |
| - vs - | | |
| | : | |
| BARRY R. CUNNINGHAM, | : | |
| Defendant-Appellant. | : | |


CRIMINAL APPEAL FROM BUTLER COUNTY AREA III COURT
Case No. TRC1501426


Michael T. Gmoser, Butler County Prosecuting Attorney, Willa Concannon, Government Services Center, 315 High Street, 11th Floor, Hamilton, Ohio 45011, for plaintiff-appellee

Scott N. Blauvelt, 315 South Monument Ave., Hamilton, Ohio 45011, for defendant-appellant


**M. POWELL, J.**

{¶ 1} Defendant-appellant, Barry Cunningham, appeals his conviction and sentence in the Butler County Area III Court for operating a vehicle while under the influence of alcohol ("OVI").

{¶ 2} In the early morning hours of April 5, 2015, West Chester Township Police Officer Michael Blankenship was dispatched to the intersection of Mulhauser Road and

State Route 747 to check on the welfare of a driver believed to be asleep at the wheel of his vehicle. Upon arrival, Officer Blankenship observed appellant's vehicle stopped at a green traffic light and ten feet past the stop bar, with the motor running and in drive. Appellant was in the driver's seat, unconscious, with his head "drooped to the right side," his foot on the brake, and his hands on his lap.

{¶ 3} Officer Blankenship attempted to rouse appellant by knocking on the driver's window several times. Appellant did not respond. The officer opened the car door, shook appellant, and told him to wake up. Again, appellant did not respond. The officer shook appellant more vigorously but appellant remained unconscious. Concerned, the officer checked appellant's pulse and determined he was alive. However, appellant was still not responding to anything the officer was saying or doing.

{¶ 4} Consequently, Officer Blankenship executed a "sternum rub" by rubbing his knuckles across appellant's sternum. This painful stimulus technique "creates a lot of pain" and typically "doesn't take much to bring somebody around." Yet, while the technique caused appellant "to stir a little bit," it did not bring him to full consciousness. After further shaking and talking to appellant, the officer was finally able to rouse him. Appellant was however incoherent and mumbling and his speech was very slurred. From the time the officer arrived on the scene, it took three to five minutes to bring appellant to full consciousness.

{¶ 5} Subsequently, Officer Blankenship asked appellant to step out of the car and the two walked to a nearby parking lot. The officer observed that appellant's eyes were bloodshot, his speech was slurred and thick-tongued, and he was very unsteady as he walked. The officer administered three field sobriety tests: the horizontal gaze nystagmus test, the walk-and-turn test, and the one-leg stand. Appellant performed poorly on all three tests.

{¶ 6} Appellant denied consuming alcohol and told Officer Blankenship that he was simply tired from working long hours. Although the officer did not detect an odor of an alcoholic beverage on or about appellant's person, he did not find appellant's explanation convincing. Based upon his training and experience in conducting OVI stops and administering field sobriety tests and his observations of appellant, Officer Blankenship concluded that appellant was under the influence of drugs or alcohol, arrested him for OVI, and transported him to the county jail for a breath test. Despite being advised of the consequences for refusing to submit to a test, appellant declined to submit to the test. Appellant gave no reasons for his refusal.

{¶ 7} Appellant was charged with OVI in violation of R.C. 4511.19(A)(1)(a) and 4511.19(A)(2)(b), both first-degree misdemeanors. R.C. 4511.19(A)(2)(b) provides that no person, who has been convicted of a prior OVI in the last 20 years, shall drive while intoxicated and then refuse to submit to a test to determine the person's blood alcohol content. Appellant filed a motion to suppress which was overruled by the trial court. The matter then proceeded to a jury trial. At trial, appellant stipulated he had a prior OVI conviction within the last 20 years. Nonetheless, and over appellant's objection, the state submitted a certified copy of the OVI conviction which was admitted into evidence by the trial court.

{¶ 8} At trial, appellant again denied consuming alcohol or using drugs on the night in question. Rather, appellant explained that he was simply exhausted from working 50 hours that week and every week for the last six months, and from working two different jobs on April 4, 2015, to wit: from 7:00 a.m. to 3:30 p.m. as a forklift operator and from 5:00 p.m. to 11:00 p.m. as a chef. Appellant further explained that after getting off work at 11:00 p.m., he went home where he promptly fell asleep on his couch. However, his girlfriend called him at 2:30 a.m. and asked him to come over. Appellant stated he was on his way to his

girlfriend's house when he fell asleep at the wheel of his vehicle while at a stop light. Appellant conceded he should not have been driving that night. Appellant explained he refused the breath test because he did not feel like taking it as he was simply tired and had not been drinking.

{¶ 9} On February 11, 2016, the jury found appellant guilty as charged. The trial court merged the two counts as allied offenses of similar import and sentenced appellant. In 2017, the parties and the trial court acknowledged in an agreed statement of record and court entry that the audio-recording of appellant's jury trial and sentencing hearing ended after the jury retired to deliberate and did not begin again until after the trial court had pronounced its sentence.

{¶ 10} Appellant now appeals, raising three assignments of error.

{¶ 11} Assignment of Error No. 1:

{¶ 12} THE TRIAL COURT COMMITTED PLAIN ERROR IN FAILING TO PROVIDE A LIMITING INSTRUCTION FOR THE USE OF PRIOR CONVICTION EVIDENCE.

{¶ 13} Appellant argues the trial court erred in failing to give the jury a limiting instruction regarding his prior OVI conviction. Appellant asserts "it was incumbent on the trial court to instruct jurors regarding the limited, permissible use of this evidence." Appellant further asserts that given the underwhelming evidence of his guilt, as Officer Blankenship did not detect an odor of an alcoholic beverage on him and appellant provided a reasonable explanation for why he was asleep at the wheel, "the outcome clearly would have been different had jurors properly been instructed."

{¶ 14} Because appellant's trial counsel did not request a limiting instruction and did not otherwise object to the trial court's jury instructions, our review of this issue is limited to a determination of whether the trial court committed plain error in failing to sua sponte give a limiting instruction regarding appellant's prior OVI conviction. *State v. Cox*, 12th Dist.

- 4 -

Butler No. CA2005-12-513, 2006-Ohio-6075, ¶ 20; Crim.R. 30(A).

{¶ 15} Pursuant to Crim.R. 52(B), "[p]lain errors or defects affecting substantial rights may be noticed although they were not brought to the attention of the court." Plain error does not exist unless, but for the error, the outcome of the trial would clearly have been different. *State v. Biros*, 78 Ohio St.3d 426, 436 (1997). Further, notice of plain error is to be taken with utmost caution, under exceptional circumstances, and only to prevent a manifest miscarriage of justice. *Cox* at ¶ 21.

{¶ 16} Appellant was charged with OVI under both R.C. 4511.19(A)(1)(a) and 4511.19(A)(2)(b). In order to prove a refusal OVI under R.C. 4511.19(A)(2)(b), the state was required to prove three elements: (1) an OVI conviction within 20 years of the current violation, (2) operation of a motor vehicle while under the influence of alcohol or drugs, and (3) a refusal to submit to a chemical test while under arrest for the current OVI. *State v. Hoover*, 123 Ohio St.3d 418, 2009-Ohio-4993, ¶ 13. Thus, a prior OVI conviction is an essential element under R.C. 4511.19(A)(2)(b). *Id.*; *State v. Miller*, 12th Dist. Warren No. CA2011-02-013, 2012-Ohio-997, ¶ 12. Appellant acknowledges that the introduction of his prior OVI conviction was proper but challenges the trial court's failure to give a limiting instruction when it admitted the certified copy of the conviction into evidence.

{¶ 17} Upon review of the record, we find no plain error in the trial court's failure to sua sponte give a limiting instruction regarding appellant's prior OVI conviction. As stated above, appellant stipulated at trial he had a prior OVI conviction. At trial, the prosecutor did not question Officer Blankenship or appellant about the prior conviction. The prosecutor's initial closing argument briefly mentioned appellant's prior OVI conviction but only as an element of the refusal OVI charge under R.C. 4511.19(A)(2)(b). Trial counsel did not mention the prior conviction in his closing argument. In his rebuttal closing argument, the prosecutor emphasized the need to consider the totality of the circumstances and did not

mention appellant's prior OVI conviction. *See State v. May*, 2d Dist. Montgomery No. 25359, 2014-Ohio-1542; *State v. Harris*, 8th Dist. Cuyahoga No. 99817, 2013-Ohio-5733.

{¶ 18} Moreover, there was ample evidence that appellant had driven under the influence of alcohol or drugs on April 5, 2015. Although Officer Blankenship did not detect an odor of an alcoholic beverage on or about appellant's person, working 50 hours the week of his arrest and over 14 hours on April 4, 2015, does not explain appellant's deep unconscious state at the wheel of his vehicle, the fact that only the sternum rub performed by Officer Blankenship caused appellant to finally stir, appellant's slurred, thick-tongued speech and unsteady gait, the fact he was incoherent, and his poor performance on the field sobriety tests.

{¶ 19} Appellant refused the breath test without explanation. At trial, he explained he refused the breath test because he did not feel like taking it as he was simply tired and had not been drinking. As the Ohio Supreme Court stated, "it is reasonable to infer that a refusal to take such a test indicates the defendant's fear of the results of the test and his consciousness of guilt[.]" *Westerville v. Cunningham*, 15 Ohio St.2d 121, 122 (1968); *State v. Griffin*, 12th Dist. Butler No. CA2005-05-118, 2006-Ohio-2399, ¶ 12. Additionally, as we recently observed, "[a defendant's] refusal to participate in a breath test lends incredulity to his statement that he had not consumed alcoholic beverages that day." *State v. Crowe*, 12th Dist. Warren No. CA2015-07-065, 2016-Ohio-1579, ¶ 28.

{¶ 20} Considering that the prosecutor used the prior conviction to prove only that appellant had a prior OVI conviction and that there was ample other evidence that appellant drove under the influence on April 5, 2015, we find that the trial court's failure to give a limiting instruction neither affected the outcome of appellant's trial nor created a manifest miscarriage of justice. *See May*, 2014-Ohio-1542. Therefore, the trial court's failure to give the limiting instruction did not amount to plain error.

{¶ 21} Appellant's first assignment of error is overruled.

{¶ 22} Assignment of Error No. 2:

{¶ 23} APPELLANT DID NOT RECEIVE THE EFFECTIVE ASSISTANCE OF COUNSEL.

{¶ 24} Appellant argues he received ineffective assistance of counsel at trial because trial counsel failed to request a limiting instruction regarding his prior OVI conviction.

{¶ 25} To prevail on an ineffective assistance of counsel claim, appellant must show his trial counsel's performance was deficient, and that he was prejudiced as a result. *State v. Petit*, 12th Dist. Madison No. CA2016-01-005, 2017-Ohio-633, ¶ 39; *Strickland v. Washington*, 466 U.S. 668, 687-688, 104 S.Ct. 2052 (1984). Trial counsel's performance will not be deemed deficient unless it fell below an objective standard of reasonableness. *Strickland* at 688. There is a "strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance." *Id.* at 689. Additionally, even debatable trial tactics and strategies do not establish ineffective assistance of counsel. *Petit* at ¶ 49. To show prejudice, appellant must establish that, but for his trial counsel's errors, there is a reasonable probability that the result of his trial would have been different. *Strickland* at 694. The failure to satisfy either prong of the *Strickland* test is fatal to an ineffective assistance of counsel claim. *Petit* at ¶ 39.

{¶ 26} We have previously recognized that the failure to seek a limiting instruction does not in and of itself indicate ineffective assistance of counsel. *Cox*, 2006-Ohio-6075 at ¶ 30. Furthermore, a trial counsel may have a sound reason for not requesting such an instruction. *State v. Brown*, 12th Dist. Warren No. CA2002-03-026, 2002-Ohio-5455, ¶ 16 (rejecting a claim of ineffective assistance where trial counsel failed to request a limiting jury instruction regarding certain evidence received during trial).

{¶ 27} While trial counsel sought to prevent the admission of the certified copy of appellant's prior OVI conviction through a motion in limine at the beginning of the trial, trial counsel may have decided that a limiting instruction would bring undue attention to appellant's prior OVI conviction and may therefore have chosen not to request an instruction as part of a reasonable trial strategy. *Id.* at ¶ 17; *May*, 2014-Ohio-1542 at ¶ 18 (rejecting a claim of ineffective assistance where trial counsel reasonably chose not to seek a limiting instruction as a matter of trial strategy in order not to highlight defendant's prior OVI conviction). Moreover, based on the evidence discussed above, we cannot conclude that the outcome of appellant's trial would have been different.

{¶ 28} We therefore find that trial counsel was not ineffective for failing to request the limiting instruction. Appellant's second assignment of error is overruled.

{¶ 29} Assignment of Error No. 3:

{¶ 30} THE TRIAL COURT ERRED TO THE PREJUDICE OF APPELLANT WHERE THE RECORD DOES NOT DEMONSTRATE THAT APPELLANT WAS GIVEN AN OPPORTUNITY FOR ALLOCATION AT SENTENCING.

{¶ 31} Appellant argues that his sentence must be vacated and the matter remanded to the trial court for resentencing because the record does not reflect that he was afforded his right of allocation before he was sentenced. In an agreed statement and court entry filed pursuant to App.R. 9(D), the parties and the trial court acknowledged that most of the sentencing hearing was not recorded due to a lapse in the audio-recording of the proceedings. The agreed statement further provides, "The trial court believes that Appellant would have been offered the opportunity for allocation at sentencing, but the court does not specifically recall if this occurred in the present case."

{¶ 32} At the time of imposing sentence, a trial court is required to "address the defendant personally and ask if he or she wishes to make a statement on his or her behalf

- 8 -

or present any information in mitigation of punishment." Crim.R. 32(A). "The purpose of allocution is to permit the defendant to speak on his own behalf or present any information in mitigation of punishment." *State v. Short*, 129 Ohio St.3d 360, 2011-Ohio-3641, ¶ 85. The right of allocution is "both absolute and not subject to waiver due to a defendant's failure to object." *State v. Florence*, 12th Dist. Butler No. CA2013-08-148, 2014-Ohio-2337, ¶ 33.

{¶ 33} We find that the lapse in the recording of the sentencing hearing, including the portion that pertained to allocution, does not mandate a reversal of appellant's sentence.

{¶ 34} Whenever a transcript is unavailable, an appellant may prepare a statement making his recollection of what occurred in the proceedings below part of the record. App.R. 9(C); *State v. Roome*, 12th Dist. Madison No. CA2016-09-028, 2017-Ohio-4230, ¶ 12. In turn, the state has the right to respond to the appellant's statement of recollection. App.R. 9(C). The rule exists so that an appellant can support his or her assignment of error in the absence of proper recordation of the proceedings below. We have further noted previously that a trial court's failure to record sentencing proceedings does not necessarily warrant reversal. *See State v. Davis*, 12th Dist. Butler No. CA98-06-134, 2000 Ohio App. LEXIS 3534 (Aug. 7, 2000).

{¶ 35} Appellant made no averment under App.R. 9(C) that he did not receive his right of allocution before he was sentenced. Rather, appellant used App.R. 9(D) to obtain an agreed statement that generally indicates no one has memory of the allocution. This begs the question as to whether appellant was actually denied his right of allocution. Likewise, in his third assignment of error, appellant claims he was denied his right of allocution before he was sentenced merely because a complete record of the sentencing hearing is unavailable for review. That is, appellant asserts we must *presume* he did not receive allocution simply because there is a lapse in the recording, and no one has a specific recollection of allocution.

{¶ 36} Without an App.R. 9(C) statement as to whether or not allocution occurred, we decline the invitation to speculate or presume allocution did not occur. Absent such speculation or presumption, the record is insufficient on its face to support appellant's bare suggestion that no right of allocution occurred, and we therefore decline to vacate his sentence simply because there is a lapse in the recording.

{¶ 37} Appellant's third assignment of error is overruled.

{¶ 38} Judgment affirmed.

HENDRICKSON, P.J., and PIPER, J., concur.