[Cite as *State v. Brown*, 2018-Ohio-3338.]

IN THE COURT OF APPEALS

TWELFTH APPELLATE DISTRICT OF OHIO

PREBLE COUNTY

STATE OF OHIO,                                    :        CASE NO. CA2017-09-010

      Plaintiff-Appellee,                       :        O P I N I O N
                                                    8/20/2018
                                                       :

     - vs -                                             :

                                                              :

LARRY E. BROWN II,                               :

      Defendant-Appellant.                     :

CRIMINAL APPEAL FROM PREBLE COUNTY COURT OF COMMON PLEAS
Case No. 15-CR-11706

Martin P. Votel, Preble County Prosecuting Attorney, Kathryn M. West, Preble County Courthouse, 101 East Main Street, 1st Floor, Eaton, OH 45320, for plaintiff-appellee

Repper-Pagan Law, Ltd., Christopher J. Pagan, Sarah E. Nelson, 1501 First Avenue, Middletown, OH 45044, for defendant-appellant

**M. POWELL, J.**

{¶ 1}   Defendant-appellant, Larry E. Brown II, appeals the decision of the Preble County Court of Common Pleas, denying his petition for postconviction relief.

{¶ 2}   In 2015, the Preble County Grand Jury indicted Brown on two counts of gross sexual imposition, and one count each of rape of a person less than 13 years of age, sexual battery, and importuning.  The case proceeded to a bench trial and the court found Brown

guilty on all charges. The trial court merged the rape count with the remainder of the charges and sentenced Brown to a term of ten years to life in prison. Brown appealed his convictions and sentence, raising two assignments of error. *State v. Brown*, 12th Dist. Preble No. CA2016-07-006, 2017-Ohio-4231. In Brown's direct appeal, we summarized the facts of the case as follows.

{¶ 3} The charges stem from allegations made by B.H., who alleged that Brown had kissed her, forced her to masturbate him, and forced her to perform fellatio on him when she was 11 and 12 years old. *Id.* at ¶ 2. According to B.H., Brown's sexual abuse occurred at a farm owned by a family friend when she and Brown would be there working for the farm's owner. *Id.* B.H. recorded some of her thoughts about the sexual abuse in a journal, which was later found and read by her mother. *Id.* B.H. also told her mother and grandmother about the sexual abuse after it occurred. *Id.*

{¶ 4} During trial, Brown's attorney conducted a thorough cross-examination of B.H. While testifying, B.H. related an instance of sexual abuse occurring in a barn office on property owned by Dan Day. Prior to this testimony, the defense had not been notified regarding the victim's claim of sexual abuse at this particular location.

{¶ 5} Following his convictions, Brown moved for a new trial based upon the prosecution's failure to disclose the claimed act of sexual abuse at the Day property. Brown asserted that this allegation "made meaningful cross-examination of the alleged victim on this point virtually impossible." The trial court denied Brown's motion. In so doing, it held that "[Brown] simply speculates that had he been aware of a claim that an incident happened at a second location [the] same may have led to additional fact witnesses, helped to establish a time line, or provided a potential alibi defense." The trial court determined "said speculation is not sufficient to support a motion for a new trial."

{¶ 6} In his direct appeal, Brown asserted in his first assignment of error that the

- 2 -

trial court erred in denying his motion for a new trial because of irregularity in the proceedings when he was surprised with information that the victim claimed sexual abuse at the Day property. *Brown*, 2017-Ohio-4231, at ¶ 6-8. In overruling this assignment of error, we held that B.H.'s testimony about the sexual abuse at the Day property did not affect Brown's material rights because, "the victim's testimony, aside from the location it was alleged to have occurred, was cumulative to the other testimony given regarding the times Brown forced the victim to masturbate him as part of his ongoing sexual abuse of the victim." *Id.* at ¶ 11. "Moreover, Brown never asked for a continuance to investigate the issue or prepare a new or different defense based on the allegation that the sexual abuse also occurred at a different location." *Id.*

{¶ 7} In his second assignment of error, Brown claimed ineffective assistance of counsel because trial counsel did not seek a recess of the trial to investigate the victim's claim of sexual abuse at the Day property. *Id.* at ¶ 17-23. In overruling this assignment of error, we found the results of the trial would not have been different because the testimony was likewise cumulative. *Id.* at ¶ 20. Additionally, Brown's defense was that no sexual abuse occurred regardless of the alleged location of the abuse. *Id.* In regard to whether an investigation would have identified additional witnesses to impeach B.H.'s claims, we found that, "[e]xtrinsic evidence from other witnesses may have contradicted the victim, but it does not necessarily mean that the victim was not telling the truth." *Id.* at ¶ 22. Thus, "[a]ny effect upon the trial court would simply remain unknown, and we cannot say that the result of the trial would have been any different." *Id.*

{¶ 8} Brown then sought postconviction relief ("PCR petition"), claiming his conviction was unconstitutional because of his trial counsel's failure to present the testimony of Dan Day and Dr. Scott Vosler. Brown attached the affidavits of Day and Vosler to his PCR petition.

{¶ 9} Day's affidavit avers that Brown could not have sexually abused B.H. on his property because the two were never alone together on the one occasion Brown brought B.H. to Day's property, that Brown and B.H. could not have entered his property without his knowledge because it is secured with alarms, and that the office where B.H. claims the abuse occurred is also secured with an alarm and a lock for which Day has the only key (hereinafter, referred to as the "Day Evidence").

{¶ 10} Vosler is Brown's treating physician. In his affidavit, Vosler avers that based upon his training and experience and his review of Brown's test results, it is his opinion that Brown contracted Barium poisoning during the time Brown was married to B.H.'s mother. Vosler avers that he provided this information to the Preble County Sheriff's Office and Brown's trial counsel. Vosler states that Brown's counsel informed him "he did not believe the information would be helpful to [Brown's] case because he was afraid it would 'muddy the waters' and not help his defense." Finally, Vosler avers that B.H.'s mother believed she would receive Brown's social security benefits should he die; thus, explaining "the basis for the antagonism between the complaining witness and her mother towards * * * Brown" (hereinafter, referred to as the "Barium Poisoning Evidence").

{¶ 11} The trial court denied the PCR petition without an evidentiary hearing. With respect to counsel's failure to present the Day Evidence, the trial court determined that Brown presented this issue, or a similar issue, in his motion for a new trial and the direct appeal therefrom. Therefore, the trial court found the issue barred by the doctrine of res judicata. In regard to the Barium Poisoning Evidence, the trial court noted that the issue was well known prior to and during trial, as it was the basis for a continuance of the trial. Further, trial counsel ultimately decided not to present the Barium Poisoning Evidence. The trial court found Brown could have raised the issue on direct appeal, and therefore, it was likewise barred by res judicata. Additionally, the trial court determined that "Vosler's opinion

- 4 -

that the evidence of poisoning could have been presented to explain the antagonism is of little value." Further, while trial counsel's decision not to present the Barium Poisoning Evidence may have been debatable, it was a matter of trial tactics and did not constitute ineffective assistance of counsel.

{¶ 12} Assignment of Error No. 1:

{¶ 13} THE POSTCONVICTION COURT ERRED BY DISMISSING BROWN'S PETITION FOR POSTCONVICTION RELIEF UNDER RES JUDICATA.

{¶ 14} Brown contends the trial court erred by summarily dismissing his PCR petition pursuant to the doctrine of res judicata. Brown asserts the Day Evidence and the Barium Poisoning Evidence are dehors the record. Therefore, he could not have asserted his ineffective assistance of counsel claim based upon counsel's failure to present that evidence on direct appeal and res judicata does not apply. Additionally, Brown argues the trial court erred in not holding an evidentiary hearing because his PCR petition and the accompanying affidavits present a colorable claim of ineffective assistance of counsel.

{¶ 15} R.C. 2953.21(A)(1)(a) provides, in pertinent part:

> [a]ny person who has been convicted of a criminal offense * * * and who claims that there was such a denial or infringement of the person's rights as to render the judgment void or voidable under the Ohio Constitution or the Constitution of the United States * * * may file a petition in the court that imposed sentence, stating the grounds for relief relied upon, and asking the court to vacate or set aside the judgment or sentence or to grant other appropriate relief. The petitioner may file a supporting affidavit and other documentary evidence in support of the claim for relief.

{¶ 16} A postconviction proceeding is not an appeal of a criminal conviction, but rather, is a collateral civil attack on a criminal judgment. *State v. Dillingham*, 12th Dist. Butler Nos. CA2012-02-037 and CA2012-02-042, 2012-Ohio-5841, ¶ 8. An evidentiary hearing is not automatically guaranteed each time a defendant files a PCR petition. *State*

*v. Wilson*, 12th Dist. Madison No. CA2013-10-034, 2014-Ohio-2342, ¶ 16. Pursuant to R.C. 2953.21(C), a trial court properly denies a PCR petition without a hearing if the supporting affidavits, the documentary evidence, the files, and the records of the case do not demonstrate that the petitioner set forth sufficient operative facts to establish substantive grounds for relief. *State v. Hicks*, 12th Dist. Butler No. CA2004-07-170, 2005-Ohio-1237, ¶ 9, citing *State v. Calhoun*, 86 Ohio St.3d 279 (1999), paragraph two of the syllabus.

{¶ 17} A PCR petition may be dismissed without an evidentiary hearing when the claims raised are barred by the doctrine of res judicata. *State v. Clayton*, 12th Dist. Warren No. CA2017-11-162, 2018-Ohio-1777, ¶ 13-14, citing *State v. Perry*, 10 Ohio St.2d 175, 180 (1967), *superseded by statute on other grounds as stated by State v. Call*, 2d Dist. Montgomery No. 15280, 1996 Ohio App. LEXIS 174, *3-4 (Jan. 24, 1996). "Under the doctrine of res judicata, a final judgment of conviction bars a convicted defendant who was represented by counsel from raising and litigating in any proceeding except an appeal from judgment, any defense or any claimed lack of due process that was raised or could have been raised by the defendant at the trial, which resulted in that judgment or conviction, or on an appeal from that judgment." *State v. Lawson*, 103 Ohio App.3d 307, 313 (12th Dist.1995). However, "there is an exception to the res judicata bar when the petitioner presents competent, relevant, and material evidence outside the record *that was not in existence and available to the petitioner in time to support the direct appeal.*" (Emphasis sic.) *State v. Piesciuk*, 12th Dist. Butler No. CA2013-01-011, 2013-Ohio-3879, ¶ 18. Evidence outside the record, or evidence dehors the record, must demonstrate that appellant could not have appealed the constitutional claim based upon information in the original record and such evidence must not have been in existence and available to the petitioner at the time of trial. *Id.*

{¶ 18} "A trial court's decision to summarily deny a PCR petition without holding an

evidentiary hearing will not be reversed absent an abuse of discretion." *State v. Simon*, 12th Dist. Butler No. CA2014-12-255, 2015-Ohio-2989, ¶ 11. An abuse of discretion connotes more than an error of law or judgment; it implies that the trial court's decision was unreasonable, arbitrary, or unconscionable. *State v. Boles*, 12th Dist. Brown No. CA2012-06-012, 2013-Ohio-5202, ¶ 14.

{¶ 19} Brown asserts that the constitutional deficiency underlying his PCR petition is that he was denied effective assistance of counsel. To prevail on an ineffective of assistance of counsel claim, an appellant must show (1) a deficiency in his trial counsel's performance, and (2) that there is a reasonable probability that, but for his trial counsel's errors, he would not have been convicted. *State v. Xie*, 62 Ohio St.3d 521, 524 (1992), citing *Strickland v. Washington*, 466 U.S. 668, 687, 104 S. Ct. 2052 (1984). A trial counsel's performance will not be deemed deficient unless it fell below an objective standard of reasonableness. *State v. Mathes*, 12th Dist. Clermont No. CA2013-02-014, 2013-Ohio-4128, ¶ 13. Thus, there is a "strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance." *State v. Cunningham*, 12th Dist. Butler No. CA2017-03-034, 2018-Ohio-912, ¶ 25. Even debatable trial tactics and strategies do not fall outside this wide range of reasonable assistance. *Id.* The failure to satisfy either prong of the *Strickland* test is fatal to an ineffective assistance of counsel claim. *Id.*

{¶ 20} Brown claims his trial counsel was deficient for failing to interview and elicit evidence from Day and Vosler. Brown asserts such evidence would tend to further discredit B.H.'s claims of sexual assault and would help explain B.H.'s antagonism toward Brown. Brown contends that but for this deficiency, there was a reasonable probability he would not have been convicted. Additionally, Brown contends this court could not have "fairly decide[d] the [ineffective assistance] issue" posed in his direct appeal "without resort to evidence outside the record" on the ineffective assistance claim. Therefore, he presented

the trial court with a colorable claim in his PCR petition for ineffective assistance of counsel. However, after thoroughly reviewing the record, we find the trial court did not abuse its discretion by summarily denying Brown's PCR petition based on res judicata.

**{¶ 21}** With respect to the Day Evidence, the trial court found res judicata applied to Brown's ineffective assistance of counsel claim because Brown "raised similar (if not identical) claims in support of his motion for a new trial and in support of his ineffective assistance of counsel assignment of error in his appeal." The trial court held a hearing on Brown's motion for a new trial. The transcript for this hearing indicates that Brown's counsel advised the trial court that he had spoken with Day since the trial. Day advised Brown's counsel that his property has sensors, which audibly alert him if someone drives onto the property. The sensors also provide a video feed of the person entering the property. Additionally, the office where the alleged sexual abuse occurred is always locked and Day is the only person with a key.

**{¶ 22}** As stated above, the trial court denied Brown's motion for a new trial and Brown appealed to this court. In his appeal, Brown asserted the trial court erred in denying said motion and assigned error based on his counsel's ineffectiveness in failing to seek a recess to investigate the Day property sexual abuse allegation. Thus, contrary to Brown's claim, the Day Evidence was in the record, as his trial counsel summarized it in support of his motion for a new trial. Further, the record reflects the substance of the Day Evidence and trial counsel's failure to present it at trial or to seek a continuance or recess of the trial to investigate B.H.'s surprise claim that Brown sexually abused her at Day's property. Therefore, Brown raised or could have raised the issue on direct appeal.[1] Accordingly, the trial court did not err in finding the claim barred by res judicata. *State v. King*, 12th Dist.

---

1. On direct appeal, Brown claimed ineffective assistance of trial counsel for failure to seek a recess of the trial to investigate B.H.'s claim that Brown sexually abused her at Day's property.

Butler Nos. CA2013-11-199 and CA2014-06-138, 2014-Ohio-5393, ¶ 17 (stating a trial court may dismiss a PCR petition based on res judicata where an issue was raised or could have been raised on direct appeal).

{¶ 23} In consideration of the Barium Poisoning Evidence, the trial court likewise found res judicata applied because Brown and his counsel were aware of this evidence leading up to the trial and Brown was further aware that his counsel did not present said evidence at trial. Additionally, the trial court found this evidence "of little value" and further found that Brown's trial counsel's decision not to use the evidence was a "trial tactic" and did not "constitute [a] denial of [the] effective assistance of counsel."

{¶ 24} As the trial court found, the record indicates the details of the Barium Poisoning Evidence and that Brown's trial counsel was aware of said evidence. Specifically, the record reflects that Brown disclosed a lab report from Carlson Company in his September 1, 2015 supplemental response to the state's request for discovery. The Carlson lab report demonstrates that the company conducted hair follicle testing of Brown's hair, which disclosed elevated levels of barium. In Brown's second supplemental discovery response, filed on October 26, 2015, he disclosed another lab report from Carlson. On January 12, 2016, the state provided supplemental discovery consisting of a Preble County Sheriff's Office statement signed by Vosler, which detailed the Barium Poisoning Evidence and a computerized voice stress analyzer exam report indicating no deception by B.H.'s mother in denying the poisoning.

{¶ 25} Additionally, the trial transcript indicates that trial counsel did not present the Barium Poisoning Evidence. Similar to the situation with the Day Evidence, the record reflects the substance of the Barium Poisoning Evidence and that it was known by trial counsel, but not presented at trial. Thus, we find the trial court did not err in finding Brown's claim for ineffective assistance of counsel based upon counsel's failure to present the

Barium Poisoning Evidence was barred by res judicata, as Brown could have raised the issue in his direct appeal.

{¶ 26} We likewise find the trial court did not err in finding Brown failed to present substantive grounds for relief in alleging ineffective assistance of counsel for failure to present the Barium Poisoning Evidence. As stated above, the trial court found the Barium Poisoning Evidence had "little value" and trial counsel's decision not to present it was a trial tactic. Brown asserts this evidence had impeachment value, and therefore, his trial counsel's failure to present the evidence may have affected the outcome of the trial. However, there is nothing in the PCR petition, including Vosler's affidavit, which connects B.H.' s mother's alleged attempt to poison Brown with a motive for B.H. to lie about being sexually abused by Brown. There is no indication that B.H. was aware of any attempted poisoning or that her mother had encouraged her to fabricate allegations against Brown that would serve as a basis for impeaching B.H. Furthermore, the record reflects Brown's trial counsel conducted a vigorous and thorough cross-examination of B.H in an effort to impeach her credibility. Moreover, even assuming the rationale for not presenting the Barium Poisoning Evidence may have been debatable, as the trial court found, it was a matter of defense strategy and trial tactics, and therefore, does not constitute the ineffective assistance of counsel. *State v. Stewart*, 12th Dist. Butler No. CA2011-09-173, 2012-Ohio-4640, ¶ 14. Thus, we find the trial court's determinations regarding the Barium Poisoning Evidence were not unreasonable, arbitrary, or unconscionable.

{¶ 27} Accordingly, Brown's sole assignment of error is overruled, and the judgment of the trial court is affirmed.

S. POWELL, P.J., and PIPER, J., concur.