[Cite as *State v. Brown*, 2020-Ohio-971.]

IN THE COURT OF APPEALS

TWELFTH APPELLATE DISTRICT OF OHIO

PREBLE COUNTY


| | | |
|---|---|---|
| STATE OF OHIO, | : | |
| Appellee, | : | CASE NO. CA2019-04-006 |
| | : | O P I N I O N |
| - vs - | | 3/16/2020 |
| | : | |
| LARRY E. BROWN II, | : | |
| Appellant. | : | |


CRIMINAL APPEAL FROM PREBLE COUNTY COURT OF COMMON PLEAS
Case No. 15CR11706


Martin P. Votel, Preble County Prosecuting Attorney, Kathryn M. West, 101 East Main Street, Courthouse, First Floor, Eaton, Ohio 45320, for appellee

Larry E. Brown II, #A736518, London Correctional Institution, 1580 State Route 56, SW London, Ohio 43140, pro se


**RINGLAND, J.**

{¶ 1} Appellant, Larry Brown, appeals the decision of the Preble County Court of Common Pleas dismissing his successive petition for postconviction relief and denying his motion for a new trial. For the reasons detailed below, we affirm.

{¶ 2} In 2015, the Preble County Grand Jury indicted Brown on two counts of gross sexual imposition, and one count each of rape of a person less than 13 years of age, sexual

battery, and importuning. The charges stemmed from allegations made by B.H., who alleged that Brown had kissed her, forced her to masturbate him, and forced her to perform fellatio on him when she was 11 and 12 years old. According to B.H., Brown's sexual abuse occurred at a farm owned by a family friend when she and Brown would be there working for the farm's owner. B.H. recorded some of her thoughts about the sexual abuse in a journal, which was later found and read by her mother. B.H. also told her mother and grandmother about the sexual abuse after it occurred.

{¶ 3} The case proceeded to a bench trial and the court found Brown guilty on all charges. The trial court merged the rape count with the remainder of the charges and sentenced Brown to a term of ten years to life in prison. This court affirmed Brown's conviction on direct appeal. *State v. Brown*, 12th Dist. Preble No. CA2016-07-006, 2017-Ohio-4231.

{¶ 4} Brown subsequently filed a petition for postconviction relief, which the trial court denied without an evidentiary hearing. This court affirmed that decision and the Ohio Supreme Court declined review. *State v. Brown*, 12th Dist. Preble No. CA2017-09-010, 2018-Ohio-3338; *State v. Brown*, 154 Ohio St.3d 1464, 2018-Ohio-5209.

{¶ 5} The instant matter concerns Brown's motion for a new trial and successive petition for postconviction relief. The trial court dismissed Brown's successive petition for postconviction relief and denied his motion for a new trial in a written judgment entry. Brown now appeals, raising fourteen assignments of error for review.

A. Successive PCR

{¶ 6} Assignment of Error No. 1:

{¶ 7} THE TRIAL COURT ERRED IN NOT HOLDING AN EVIDENTIARY HEARING AFTER THE APPELLANT SHOWED HE WAS UNAVOIDABLY PREVENTED FROM THE DISCOVERY OF THE FACT THAT THE ALLEGED VICTIM SUFFERED

FROM HALLUCINATIONS AS WELL AS A PLETHORA OF OTHER RELATED MENTAL ILLNESSES. THE FACT THAT THE APPELLANT'S ATTORNEY HAD ACCESS TO THIS AND FAILED TO INVESTIGATE IT IS INEFFECTIVE ASSISTANCE OF COUNSEL.

{¶ 8} Assignment of Error No. 2:

{¶ 9} THE STATE DID PROVIDE A BILL OF PARTICULARS THAT WAS DEFECTIVE, AND NOT NOTICED BY THE DEFENSE ATTORNEY. THIS IS A PERFECT EXAMPLE OF DEFENSE COUNSEL'S DISREGARD AND IRRESPONSIBILITY FOR HIS CLIENT IN THIS CASE. THERE WERE NO TIME BRACKETS PROVIDED ON THE BILL OF PARTICULARS.

{¶ 10} Assignment of Error No. 3:

{¶ 11} THE TRIAL COURT ERRED AS A MATTER OF LAW WHEN IT FAILED TO REFERENCE THE TRANSCRIPTS AND FILINGS FROM THE DEFENDANTS [sic] TRIAL, AND WHEN THE TRIAL COURT FAILED TO MAKE FINDINGS ACCORDING TO LAW TO DENY THE DEFENDANT'S POST-CONVICTION PETITION. THIS IS ALSO AN ABUSE OF DISCRETION. THIS SHOWS ACTUAL INNOCENCE AND IS THEREFORE PRECLUDED FROM ANY PROCEDURAL DEFAULT. THIS ALSO SHOWS INEFFECTIVE ASSISTANCE OF TRIAL AND APPELLATE COUNSEL.

{¶ 12} In his first set of assignments of error, Brown argues the trial court erred by dismissing his successive petition for postconviction relief.[1] A petition for postconviction relief "shall be filed no later than three hundred sixty-five days after the date on which the trial transcript is filed in the court of appeals in the direct appeal of the judgment of conviction" challenged by the petition. R.C. 2953.21(A)(2). A trial court lacks authority to

---

1. For some reason, Brown renumbered his assignments of error with respect to his motion for a new trial and petition for postconviction relief. For purposes of addressing each assignment of error listed, we have done the same.

- 3 -

grant an untimely or successive petition unless one of two statutory exceptions applies. R.C. 2953.23(A); *State v. Parker*, 157 Ohio St.3d 460, 2019-Ohio-3848, ¶ 19; *State v. Apanovitch*, 155 Ohio St.3d 358, 2018-Ohio-4744, ¶ 36.

{¶ 13} The only exception potentially applicable in this case is provided by R.C. 2953.23(A)(1), which permits the trial court to entertain an untimely or successive petition for postconviction relief if: (1) the applicant was unavoidably prevented from discovering the facts necessary to assert his claim for relief, or (2) he is invoking a new federal or state right recognized by the United States Supreme Court that is retroactively applicable to persons similarly situated. R.C. 2953.23(A)(1)(a); *State v. Kent*, 12th Dist. Preble No. CA2013-05-003, 2013-Ohio-5090, ¶ 12.

{¶ 14} In the present case, the trial court found that neither exception contained in R.C. 2953.23(A) was applicable and therefore dismissed Brown's petition for postconviction relief. Since Brown does not invoke any new federal or state right, our analysis focuses on whether Brown was "unavoidably prevented from discovering the facts necessary to assert his claim for relief." Following review, we find that Brown was not unavoidably prevented from the facts.

{¶ 15} First, Brown argues he received ineffective assistance of counsel because his trial counsel did not use alleged evidence of the victim's mental illnesses at trial. However, Brown acknowledges that both he and his trial counsel were aware of the evidence at the time of trial. The decision to question the victim on any alleged mental illness is plainly a matter of trial strategy. Brown cannot claim he was unavoidably prevented from the discovery of this information.

{¶ 16} Next, Brown claims the state provided him with a defective bill of particulars. However, this argument is also plainly barred by res judicata, as it could have been presented in his direct appeal. "Res judicata bars a petitioner from 're-packaging' evidence

or issues that either were or could have been raised in trial or on direct appeal." *State v. Casey*, 12th Dist. Clinton No. CA2017-08-013, 2018-Ohio-2084, ¶ 15, citing *State v. Rose*, 12th Dist. Butler No. CA2012-03-050, 2012-Ohio-5957, ¶ 20. In addition to being res judicata, Brown cannot show that he was unavoidably prevented from the discovery of the purportedly defective bill of particulars.

{¶ 17} Finally, Brown alleges the trial court erred by failing to reference the transcripts and filings from trial and by failing to make findings of fact. However, the trial court is not required to specifically reference the record. *See, e.g., State v. Clay*, 7th Dist. Mahoning No. 17 MA 0113, 2018-Ohio-985, ¶ 9 ("a trial court need not issue findings of fact and conclusions of law when it dismisses an untimely [postconviction relief] petition.") Additionally, we fail to see how this constitutes evidence that Brown was unavoidably prevented from discovering.

{¶ 18} Since the trial court did not err by dismissing Brown's successive petition for postconviction relief, we overrule Brown's three assignments of error related to that petition.

B. Motion for a New Trial

{¶ 19} Assignment of Error No. 1:

{¶ 20} THE TRIAL COURT FAILED TO GRANT LEAVE TO THE APPELLANT TO FILE A MOTION FOR A NEW TRIAL. THIS WAS AN ABUSE OF DISCRETION. THE COURT RESPONDED TO SOME OF THE ISSUES WHICH LEAVES NO ROOM TO BAR ANY ISSUE.

{¶ 21} Assignment of Error No. 2:

{¶ 22} DETECTIVE SCHNEIDER FALSIFIED A POLICE REPORT AND AFFIDAVIT THAT WAS MATERIAL TO THE DEFENDANT AND VIOLATED DUE PROCESS, THE RIGHT TO A FAIR TRIAL, AND COMPULSORY PROCESS. THE STATE INTERFERED WITH THE DEFENDANT'S RIGHTS WHICH IMPEDED HIS DEFENSE, REQUIRING

AUTOMATIC REVERSAL. THIS CONTRARY TO THE DICTATES OF CRIMINAL RULE 17(D). (sic)

{¶ 23} Assignment of Error No. 3:

{¶ 24} THE PROSECUTOR REPRESENTED THAT A REPORT WAS TRUE AND ADMISSIBLE WHEN IT WAS NOT. THIS DENIED THE DEFENDANT DUE PROCESS AND THE RIGHT TO A FAIR TRIAL, AND ALSO DENIED HIM FAIR AND EQUAL PROTECTIONS OF THE LAW.

{¶ 25} Assignment of Error No. 4:

{¶ 26} COUNSEL WAS INEFFECTIVE FOR ALLOWING A FALSE REPORT TO BE USED TO LEVERAGE A LEGAL PROCEEDING, WHEN THE RESULTS OF THAT LEGAL PROCEEDING WAS [sic] UNFAVORABLE TO HIS CLIENT. THIS IS A VIOLATION OF DUE PROCESS, AND VIOLATED THE DEFENDANT'S RIGHT TO THE EFFECTIVE ASSISTANCE OF COUNSEL.

{¶ 27} Assignment of Error No. 5:

{¶ 28} THE TRIAL COURT ISSUED A RULING THAT WAS NOT MADE ACCORDING TO THE LAW. THE TRIAL COURT HAD A RESPONSIBILITY TO CHECK THE VALIDITY OF SAID REPORTS BEFORE ISSUING A RULING THAT BASICALLY DENIED THE DEFENDANT OF ANY MEANINGFUL DEFENSE. THE COURT WAS AWARE OF THE REPORTS AND THAT THE REPORTS DID NOT RESULT IN THE INDICTMENT OF THE DEFENDANT.

{¶ 29} Assignment of Error No. 6:

{¶ 30} THE DEFENDANT WAS PREJUDICED BY THE FACT THAT THE TRIAL COURT RULED ON 404(B) EVIDENCE THAT HAS BEEN PROVEN FALSE. THAT CARRIED EVERY POSSIBILITY THAT THE TRIAL COURT WOULD HARBOR ILL WILL AGAINST THE DEFENDANT IN A BENCH TRIAL.

{¶ 31} Assignment of Error No. 7:

{¶ 32} THE STATE FAILED TO DISCLOSE A CSD (CHILDREN'S SERVICES)/LAW ENFORCEMENT REPORT THAT WAS PRECIPITATED BY THE ALLEGED VICTIM OF THE CRIMES FOR WHICH THE DEFENDANT IS INCARCERATED. THE REPORT WAS DERIVED FROM A CSD INTERVIEW OF THE ALLEGED VICTIM. THE PROSECUTION GAINED A TACTICAL ADVANTAGE IN THE FACT THE DEFENSE COULD NOT REFUTE ANYTHING THE PROSECUTION PUT FORWARD.

{¶ 33} Assignment of Error No. 8:

{¶ 34} DEFENSE COUNSEL FAILED TO MAKE THE DEFENDANT AWARE OF A PLEA AGREEMENT THAT THE STATE OFFERED COMPROMISING THE DEFENDANT. THIS IS INEFFECTIVE ASSISTANCE OF COUNSEL.

{¶ 35} Assignment of Error No. 9:

{¶ 36} DEAN MILLER, AN INVESTIGATOR AND WITNESS IN THE CASE OF LARRY BROWN DELIVERED A SUBPOENA TO MISSY MCCOOL AND A CONVERSATION ENSUED. THAT REPORT WAS NOT DISCLOSED. THIS VIOLATED THE DEFENDANT'S RIGHT TO HAVE ALL LAW ENFORCEMENT REPORT DISCLOSED TO HIM PER CRIMINAL RULE 16. THIS IS A VIOLATION OF THE DEFENDANT'S DUE PROCESS RIGHTS AND HIS RIGHT TO A FAIR TRIAL. THE NEW EVIDENCE DEPENDED UPON BY THE DEFENDANT IS THE FACT THAT IT WAS JUST DISCOVERED THAT DEAN AND KENNETH MILLER ARE ONE IN THE SAME. CRIMINAL RULE 17(D) WAS THEREFOR VIOLATED. (sic)

{¶ 37} Assignment of Error No. 10:

{¶ 38} THE DEFENSE WAS PREJUDICED BY THE FACT THAT TWO INVESTIGATORS AND WITNESSES FOR THE STATE WERE PERMITTED TO MAKE AN ASSESSMENT OF THE CERTIFIED VOICE STRESS ANALYSIS TEST. A CHARGE

BEING LEVIED AGAINST THE DEFENDANT'S ACCUSER WOULD HAVE PROVIDED A MEANS TO EXONERATE THE DEFENDANT. THIS A VIOLATION OF THE DEFENDANT'S RIGHT TO DUE PROCESS. (sic)

{¶ 39} Assignment of Error No. 11:

{¶ 40} THE STATE COMMITTED PROSECUTORIAL MISCONDUCT IN SUGGESTING THAT BARIUM POISONING COULD HAPPEN WITH CERTAIN MEDICAL PROCEDURES AND THROUGH CERTAIN TRADES SUCH AS WELDING, WHEN IN FACT THERE WAS NO BASIS FOR THAT FALSITY. THEREFORE, FALSE EVIDENCE WAS PRESENTED BY THE STATE.

{¶ 41} In his second set of assignments of error, Brown argues the trial court erred by denying his motion for a new trial based on newly discovered evidence. For ease of discussion, we will address Brown's arguments out of order.

{¶ 42} A defendant may be granted a new trial "[w]here new evidence material to the defense is discovered which the defendant could not with reasonable diligence have discovered and produced at the trial." Crim. R. 33(A)(6). When a motion for a new trial is based on newly-discovered evidence, the defendant must produce affidavits of the witnesses from whom such evidence is expected to be provided that inform the trial court of the substance of the evidence that would be presented if a new trial were to be granted. *State v. Holmes*, 9th Dist. Lorain No. 05CA008711, 2006-Ohio-1310, ¶ 13.

{¶ 43} To warrant the granting of a new trial based on newly discovered evidence, the new evidence must disclose a "strong probability" that it will change the result if a new trial is granted. *State v. Barton*, Warren No. CA2005-03-036, 2007-Ohio-1099, ¶ 31. The decision as to whether or not to grant a new trial on the grounds of newly discovered evidence rests within the trial court's discretion, and the trial court's decision will not be reversed absent an abuse of discretion. *State v. Thornton,* 12th Dist. Clermont No.

CA2008-10-092, 2009-Ohio-3685, ¶ 61.

{¶ 44} Brown's appellate brief raises a litany of intersecting and confusing claims alleging various improprieties in the handling of the investigation, the trial, and his own counsel's effectiveness. At the very center is Brown's allegation that he was previously accused of sexual abuse, but the alleged victim of that abuse later recanted. Brown maintains that the allegations of prior acts of sexual abuse were false, but, as a result of the prior allegation, Brown claims that the state turned character witnesses against him and further prejudiced him in a variety of ways.

{¶ 45} In his first assignment of error, Brown alleges the trial court improperly denied his motion for leave to file a motion for a new trial. In so doing, Brown makes the blanket assertion that the trial court may have been biased and only made "a very cursory and incomplete review" of the record. However, contrary to Brown's argument, the trial court did address his claims by concluding that he failed to produce any new evidence to support his claims and he was not unavoidably prevented from timely discovering the evidence at issue. Moreover, we decline to engage in Brown's speculation that the trial court was biased or only provided a cursory review of the record. Brown's first assignment of error is overruled.

{¶ 46} Brown's second, third, fourth, fifth, and sixth assignments of error appear to be interrelated. Once again, these assignments of error involve the past allegation of sexual abuse, which he maintains was false. Brown alleges that a detective "falsified" a police report when referencing the prior allegation of sexual abuse.[2] Brown claims that this false allegation prevented character witnesses from being called on his behalf at trial. Brown

---

2. Brown also improperly claims that certain law enforcement officials should not have been permitted to serve subpoenas, as they were parties to the case. However, contrary to Brown's argument, none were parties to the case.

blames the detective, the state, the trial court, and his own trial counsel for not being able to present character witnesses. The trial court found that none of these arguments raised by Brown were new and did not support a finding that he was unavoidably prevented from discovering the evidence at issue. As noted by the trial court, Brown's allegations are simply not relevant because the decision not to call witnesses was a strategic decision made at trial. For those reasons, and the fact that Brown could have raised these issues in his initial appeal and are therefore res judicata, we agree with the trial court. Brown's second, third, fourth, fifth, and sixth assignments of error related to his motion for a new trial are overruled.

{¶ 47} In his seventh and ninth assignments of error, Brown raises a litany of arguments regarding the investigative process and information that he claims was wrongly denied him. Brown's claims rely on speculation and conjecture regarding the existence of reports that were allegedly denied to him. For example, Brown highlights an incident report wherein a detective mentions that he "will schedule an interview with [Brown] once I receive a report from CSD." Brown then points out that he was interviewed and therefore by his logic "[t]he interview happened, so where is the report?"

{¶ 48} We decline to entertain Brown's speculation. From the record, we cannot discern the existence of any report that was improperly denied him that would support his arguments for a new trial. Brown has raised similar arguments in his direct appeal and in his first petition for postconviction relief. However, Brown presents this court with no newly discovered evidence that remotely supports his claim, much less the type of evidence that presents a "strong probability" of reversal. Accordingly, Brown's seventh and ninth assignments of error are overruled.

{¶ 49} In his eighth assignment of error, Brown claims that his attorney did not advise him of a plea offer. The state denies Brown's claim that he was not advised but notes that Brown failed to suggest that he would have accepted the plea. We agree with the state, as

Brown failed to allege that he would have accepted the plea and therefore his argument does not succeed under the test of *Strickland v. Washington*, 466 U.S. 668, 104 S.Ct. 2052(1984). *State v. Hicks*, 12th Dist. Butler No. CA2002-08-198, 2003-Ohio-7210, ¶ 15. Brown's eighth assignment of error is overruled.

{¶ 50} In his tenth and eleventh assignments of error, Brown once again argues that he suffered from Barium poisoning and claims the state committed prosecutorial misconduct and denied him due process of law. We have previously addressed similar arguments with respect to alleged Barium poisoning in the context of Brown's claim that he received ineffective assistance of counsel. *Brown*, 2018-Ohio-3338 at ¶ 26. Once again, res judicata bars a petitioner from "re-packaging" evidence or issues that either were or could have been raised. *Casey*, 2018-Ohio-2084 at ¶ 15. Furthermore, his claims in this appeal do not constitute newly discovered evidence. Brown's tenth and eleventh assignments of error are overruled.

{¶ 51} Having reviewed the record, Brown is not entitled to postconviction relief or a new trial.

{¶ 52} Judgment affirmed.

HENDRICKSON, P.J., and PIPER, J., concur.